DAWKINS, J.
Relator seeks to prohibit the court below from interfering with him in certifying to the secretary of state the results of an election for representative in the lower house of the Legislature held in the recent primary of January 15, 1924.
There were two offices to be filled from the Third ward of the city of New Orleans, and 11 candidates participated in the first race. No one was nominated, and the committee, to whom the returns were made under the law, took the view that only the three highest should be permitted to enter the second contest to be held on February 19th. Whereupon, the fourth highest contestant filed this suit in the court below to enjoin relator from certifying to the secretary of state the first three names without including his own, and also prayed for mandamus to compel said committee to certify his name for printing upon the ticket.
The lower court granted^ a preliminary writ of injunction restraining the defendant (re *214 lator here) from certifying the names of the candidates without including that of plaintiff, and relator has asked in this proceeding that said order he set aside, and the said court be prohibited from further action in the matter for the reason that it is without jurisdiction ratione materiae.
Opinion.
The first question, therefore, is as to whether the court below was vested with jurisdiction.
As heretofore noted, there is no contention in this case that any one was nominated; but it is conceded that a second primary is necessary for both offices, and the question therefore involves purely and simply an interpretation of the act of the Legislature (No. 97 of 1922); if it has made no provision for this particular contingency, then the courts cannot supply it; but, if it has, we have the power to so hold and declare as we would in the case of any other statute. In the case of Reid v. Brunot, 153 La. 490, 96 South. 43, the defendant, upon the face of the returns, was shown to have been nominated, and the plaintiff and the intervener each sought the right to contest the nomination of the defendant without themselves claiming the nomination, but merely for the privilege of entering a second primary. Our holding was that the statute, in express language, accorded them a standing to prosecute a contest of an election only when and if they were claiming the nomination; and we held that we had no power to determine such an issue as the one. presented in that case, for the reason that the law had limited the right of a defeated candidate, and therefore of the courts to enforce it, to a case involving a claim to the nomination. But no such limitation applies in the present case; no nomination or election is being contested. The plaintiff claims that the committee is ignoring and refusing to follow the requirements of the statute, and he invokes the aid of the court to enforce what he contends is a correct application of its provisions.
In these circumstances, we think the courts have the jurisdiction to interpret and enforce the law; otherwise, its obeyance would depend upon the pleasure of the committee.
The remaining issue raised by the record is purely one of law, and that is, in a case where, in one election district, two offices are to be filled, without there being any separate designation of the two, so that candidates may run and be voted for as for a particularly designated seat, and the first election, in which more than four have been candidates, results in no one being nominated, should the four highest be permitted to enter, or only the three receiving the largest number of votes as contended by relator ?
With respect to primaries for offices of the character here involved, the statute, section 27, p. 199, provides;
“That after the committee has met and proclaimed the results as hereinbefore provided, and it shall be found that any candidate* failed to receive a majority of the votes cast for the office for which he was a candidate, a second primary shall be held. * * * ”
This, of course, requires that to be nominated in the first primary, a candidate must obtain a majority of the votes cast for the office, which no one received in this case.
In contests where two or more are to be elected (at "large) as here, the statute provides that “it shall be the duty of each elector to vote for as many candidates as there are places to be filled, * * * ” upon pain of having the vote not counted. Hence, in both the first and second primaries, the elector must vote for at least two candidates.
As to second primaries, the statute reads:
“At the second primary election no one can be a candidate except the two persons who have received the highest number of votes for the office for which they were candidates. * * * ”
In a race where two are to be elected, no one can be said to be a candidate for but one *216 of the offices ,to be filled; and the statute says the two highest candidates for such office shall have the right to enter the second race. Therefore, if only three candidates were allowed to run, only one of the seats would really be contested, though each candidate would have a chance to be elected. For instance, if only A., B., and C. were running, A. would be a candidate for one seat; B. would contest for the other; and C., necessarily, would have to be considered as seeking one or the other, but not both; hence, there would be no real contest for the remaining office, because two would have to be elected, and the voters would be deprived of their right under the statute of choosing between two candidates for both offices. Once the choice was made by checking the name of A., it would be as the result of a choice as between either C. or D. and A., and, when choosing for the second place, the voter would be bound to choose between the same candidate who was considered for the first with A. in voting for either B. or D. It is not legally or physically possible for any one to be elected to both of such offices, and hence it is not possible to be a candidate for both.
As to the suggestion that, .where four candidates run in the second primary, it may possibly happen that one or none may be nominated, this is a matter which we are not called upon to decide at this time, or to say whether the statute covers such a contingency. But we think the act fairly contemplates that there should be at least two candidates for each office to be filled, and that the electors have the right to exercise their choice under such conditions.
For the reasons assigned, the writs are recalled and the application dismissed at relator’s cost.
BRUNOT and LEOHE, JJ., concur in the decree. .
O’NIELL, O. J., dissents, and will hand down an opinion.