(115 So. 740)

No. 29136.

## STATE ex rel. LYONS v. DEMOCRATIC STATE CENTRAL COMMITTEE et al.

Feb. 16, 1928.

*(Syllabus by Editorial Staff.)*

1. **Statutes** ⊜205—**Entire statute and every part thereof must be taken together in determining legislative intent.**

Rule is established that in exposition of statutes legislative intent is to be deduced from the whole and every part of the statute taken together.

2. **Elections** ⊜126(7)—**Candidate for nomination as state auditor receiving plurality of votes in primaries held nominated, where second high candidate for Governor withdrew and rival candidate receiving plurality was declared nominated (Primary Law, § 27).**

Primary candidate for state auditor receiving plurality of votes cast *held* duly nominated for office, in suit by rival candidate for mandamus to require second election, under Primary Law (Act No. 97 of 1922), § 27, where candidate who ran second in contest for Governor formally withdrew and candidate having plurality in contest for gubernatorial nomination was declared nominated.

3. **Elections** ⊜154(9)—**Only person who claims nomination may sue to contest elections or nominations of candidates.**

Only person who claims to have been nominated is invested by statute with right of action to contest elections or nominations of candidates.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit by the State, on the relation of Eugene F. Lyons, against the Democratic State Central Committee and others, for mandamus. From a judgment dismissing the suit, relator appeals. Affirmed.

P. L. Ferguson, of Leesville, for appellant.

Nicholas Carbajal, of New Orleans, and D. M. Evans and Borron & Johnson, all of Baton Rouge, for defendant appellee.

Percy Saint, Atty. Gen., and P. R. Sandoz, of New Orleans, for appellee Bailey.

ROGERS, J. The Democratic State Central Committee, as the governing body of the Democratic Party in this state, ordered a primary election to be held on January 17, 1928, for the selection of the party nominees for Governor and other state officers to be voted for in the general election to be held on April 17, 1928. In the primary election which was held as ordered, there were three candidates for Governor and three candidates for state auditor. According to the promulgation by the secretary of state and the tabulation by the Democratic State Central Committee of the returns of the election, Hon. Huey P. Long received a plurality of the votes cast for Governor and Hon. L. B. Baynard, Jr., received a plurality of the votes cast for state auditor. Subsequently thereto, Hon. Riley J. Wilson, who ran second in the contest for the gubernatorial nomination, filed with the Democratic State Central Committee his formal withdrawal from further contest, thus making Hon. Huey P. Long the party nominee for the office of Governor, and he was so declared by the committee at its meeting held on January 28, 1928. At this meeting, the committee, rejecting a written protest filed by Hon. Eugene F. Lyons, who was second in the contest for state auditor, also declared Hon. L. B. Baynard, Jr., the party nominee for that office. Thereafter, within the time prescribed by law, the protestant, Hon. Eugene F. Lyons, brought this suit for a mandamus to compel the Democratic State Central Committee to order a second primary election between Hon. L. B. Baynard, Jr., and himself for the purpose of determining who was entitled to the nomination for the office of state auditor. Relator also impleaded Hon. L. B. Baynard, Jr., and Hon. James J. Bailey, secretary of state, praying that the latter be enjoined from placing the name of the former upon the official ballots to be voted in the general election.

All of the respondents filed exceptions to the jurisdiction of the court ratione materiæ

and of no right or cause of action. The respondents L. B. Baynard, Jr., and the State Central Committee also excepted that relator was without interest to prosecute the suit. In addition thereto, the respondent State Central Committee urged an exception of nonjoinder of parties defendant.

With reservation of their exceptions, the respondents answered joining issue with the relator.

The court below did not pass on the exception of nonjoinder of parties defendant. It maintained the other exceptions filed by respondents, rejecting his demands and dismissing his suit. From this judgment relator is prosecuting the present appeal.

The contention of the relator is that under the Primary Law (Act 97 of 1922) it is the ministerial duty of the respondent State Central Committee to order a second primary election for all minor state offices in which no candidate received a majority of the votes cast, because no candidate for Governor was nominated in the first primary by a majority of the votes cast for that office. In support of his contention, relator relies upon the provision in section 27, page 198, of the statute, reading as follows, viz.:

"In case no candidates for the office of Governor should have received a majority of the votes cast for that office, then a second primary election shall be held for Governor and for all other state officers the candidates for which shall have failed to receive a majority of the votes cast for the office for which they were respectively candidates."

Relator argues that the language quoted is free from ambiguity, and that according to its tenor no candidate can be nominated in the first primary election unless he has received a majority of the votes cast in that election for the office for which he is a candidate; that since the nomination of Hon. Huey P. Long for Governor resulted from the withdrawal of Hon. Riley J. Wilson from the contest, and not from his having received a ma-

jority of votes cast for the office of Governor, the holding of a second primary election for all minor state offices for which no candidate received a majority of the votes cast in the first primary election is mandatory; and that the nomination by the State Central Committee of the candidates who received a plurality only of the votes so cast is unauthorized under the law.

[1-3] The argument would be sound if the particular clause upon which relator relies was the sole provision of the statute bearing upon the issue between the parties litigant. But that is not the case here. It is an established rule in the exposition of statutes that the legislative intention is to be deduced from the whole and every part of the statute taken together. Applying the rule to the Primary Election Law, we find that the statute contains other clauses that have a direct bearing on the question presented for our consideration. Thus, the provision relied upon by relator is followed in the same section by the further provision, viz.:

"In case of failure to elect because no candidate received a majority of the votes cast for the office for which he is a candidate, should one of the two persons receiving the highest number of votes decline to continue his candidacy, the other candidate who shall have received the highest number of votes for the office for which he was a candidate shall be declared the nominee of the party."

It is also provided in the same section of the statute that:

"In the event of the Governor being nominated in the first primary election, there shall be no second primary election for state officers who ran in the first primary, but the person receiving a plurality of the votes cast for the office for which he was a candidate shall be declared to be the nominee of the party holding said primary."

It will be observed that the provision, hereinabove first quoted, invoked by the relator, sets forth when a second primary election shall be ordered for Governor and all other

state officers. The provision hereinabove secondly quoted declares when the nomination of a candidate shall be by a plurality vote. The provision hereinabove thirdly quoted proclaims that there shall be no second primary election when a Governor is nominated in the first primary election.

The intendment of the law is, clearly, to obviate the expense and turmoil incident to a second primary election when the nomination for Governor, which is the all-important office, is not in contest in such primary election. The nomination for Governor, when there are three or more candidates, takes place, under the terms of the statute, when one of the candidates receives a majority of the votes cast for that office, or when one of the candidates receives only a plurality of the votes cast for that office and his opponent receiving the highest or next highest number of votes withdraws from the contest. It is immaterial that in the one case the nomination is by a majority vote and in the other case it is by a plurality vote. In both cases, the nomination is the result of the primary election.

It is indisputable that Hon. Huey P. Long was nominated for the office of Governor as a result of the primary election held on January 17, 1928. This being the case, under the plain terms of the statute, there could not be a second primary election for the other state offices that were contested for in the first primary election, and the respondent Hon. L. B. Baynard, Jr., having a plurality of the votes cast for state auditor, was duly nominated for that office. The State Central Committee was authorized to so declare. In this situation, the doctrine announced in Reid v. Brunot, 153 La. 490, 96 So. 43, that only a person who claims to have been nominated is invested by the statute with a right of action to contest elections or nominations of candidates, is peculiarly applicable. Relator not only makes no claim to the nomination for the office of state auditor, but, as we have also pointed out herein, he has no substantial basis for such a claim.

The decision in State v. McDermott, 155 La. 211, 99 So. 41, referred to by relator, is not contrary to the views herein expressed. Nor do we find that the other cases cited by relator are appropriate to the case at bar.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the relator.