Intending to become candidates for various parochial, ward, and other local offices, and for members of the Legislature, and members of the Parish Democratic Executive Committee for the Parish of Plaquemines, relators have filed the present suit in which they charge that they were denied the opportunity to qualify as candidates, because the chairman of the committee for the parish of Plaquemines failed and refused to accept their qualification papers and deposits, although timely tendered.
Relators pray that a writ of mandamus issue herein, commanding defendants, the committee for the parish of Plaquemines, and its chairman, to meet and to order that all nominations for parochial and ward offices, for members of the Legislature, and for members of the committee of the parish of Plaquemines, that are required by law to be voted for at the general election, shall be made by direct primary on January 19, 1932, and at the same places at which candidates for state offices are voted for; and further commanding said committee and its chairman to receive, accept, and file the written notifications of intention and deposits of relators as candidates for their respective offices, and to certify the names of relators as such to the secretary of state, to be placed on ballots for use in the primary election of January 19, 1932. *Page 847 
In the alternative, relators further pray, should it be held that the committee of the parish of Plaquemines has already met legally, that a writ of mandamus issue herein, directed to the committee and its chairman, commanding them to accept the written notifications and deposits of relators heretofore tendered, and to certify to the secretary of state the names of relators as candidates for their respective offices, to be printed on ballots for use in the primary election of January 19, 1932.
The defendants filed, in addition to their answer, the following exceptions:
(a) That the district court for the parish of Plaquemines is without jurisdiction ratione materiae.
(b) That there is a misjoinder of parties defendant.
(c) That there is a misjoinder of parties plaintiff.
(d) That there is a cumulation of inconsistent demands in the petition.
(e) That the petition is too vague and indefinite to enable defendants to answer.
(f) That plaintiffs are estopped.
(g) That the petition discloses no legal right or cause of action against exceptors.
(h) That the action was prescribed by the period of two days provided by section 27 of Act No. 97 of 1922.
The exception of vagueness was abandoned in the lower court and was overruled by the trial judge, who maintained the remaining seven exceptions, and rejected relators' demands and dismissed their suit.
All of relators have appealed, except Dominick Franovich and Peter R. Buras, who had the suit withdrawn and dismissed as to them, on the ground that they had been *Page 848 
improperly joined as plaintiffs without their authorization.
1. Defendants have filed a motion to dismiss the appeal on the ground that the procedure and appeal are controlled by section 27 of Act No. 97 of 1922, and that relators failed to file their appeal in this court timely, i.e., within five days from the rendition of the judgment in the court below.
The section cited by defendants applies only to candidates who claim to have been nominated for office, and who desire to contest the election, as expressly declared in that section.
The Democratic State Central Committee, in accordance with the provisions of the primary election law, Act No. 97 of 1922, met on October 6, 1931, and issued a call for a primary election to be held on January 19, 1932, for the nomination of Democratic candidates for various state offices in the general election of April, 1932.
Under section 4 of Act No. 97 of 1922, it became the duty of the various parish committees in the state, including the Parish Democratic Executive Committee of the Parish of Plaquemines, defendant in this case, to meet within twenty days after October 6, 1931, and issue calls for primary elections for various parish and other local offices, to be voted for on the same day, January 19, 1932.
Under section 13 of Act No. 97 of 1922, candidates for parish and local offices must file their written notifications of intention to become candidates with the chairman of the parish committee, within ten days after the issuance of the call for the primary election by the parish committee.
The present suit is not a contest of a primary election, at which a candidate claims to have been nominated. Nor is it a contest *Page 849 
made against the qualifications of any other candidate within the meaning of section 11 of the act.
But this is a mandamus proceeding to compel defendants to perform their ministerial duties under the law and, aside from the summary manner of trial, is governed by the same rules of procedure as in ordinary cases.
The provision, therefore, in section 27 of Act No. 97 of 1922, the Primary Election Law, that "no contest shall be entertained unless brought within two days after the official promulgation of the result of the election," has no application to the present case.
For the same reason, it was not incumbent upon relators to appeal the case "within not more than five days from the rendition of the judgment," as provided in said section.
The motion to dismiss the appeal is therefore overruled, and the prescription of two days, under section 27 of Act No. 97 of 1922, is held to be inapplicable.
2. The exception to the jurisdiction of the lower court ratione materiae is without merit, as the courts have jurisdiction by mandamus to compel officers, charged with the conduct of elections, to perform the specific duties imposed upon them by law. State v. Parish Democratic Committee, 120 La. 620, 625,45 So. 526; State ex rel. Dobbins v. McDermott, 155 La. 211,99 So. 41; State v. St. Bernard Parish Democratic Executive Committee,165 La. 685, 115 So. 901.
3. The exception of no right or cause of action urged by defendants is based upon the contention that the parish committee, in meeting on October 7, 1931, acted within its legal discretion, under section 4 of Act No. 97 of 1922, to meet on any day, within twenty days after the issuance of the call by the Democratic State Central Committee for the primary election. As relators' petition alleges *Page 850 
that the parish committee met on October 7, 1931, one day after the meeting and the issuance of the call for the state primary election, by the Democratic State Central Committee on October 6, 1931, defendants further contend that the petition shows that the parish committee acted strictly within the law and its discretion legally granted.
Defendants assert that, having acted within its legal discretion in meeting on October 7, 1931, and having issued its call for the holding of a parish Democratic primary election, and having granted prospective candidates ten days within which to qualify by filing their written notifications, as required by law, the parish committee cannot be interfered with by the issuance of a writ of mandamus to compel it to do otherwise, or to do again that which it has already done in accordance with law.
Relators specially aver that they received no notice, publicly or otherwise, concerning the required meeting of the parish committee; that, having learned that two members of the committee had not yet received any notification of the meeting, relators called on October 13, 1931, at the residence of J. Ben Meyer, who was chairman of the parish committee, to ascertain when the committee would meet; and that they were advised by relatives of Mr. Meyer that he was down the river and would not return until October 17, 1931. On that date at 7 p.m., relators allege that they called at the home of J. Ben Meyer for the purpose of filing their written notifications of intention to become candidates and for the purpose of making the deposits required by law, and waited for this purpose until 8 o'clock, when they were informed that Mr. Meyer would not return home until the next day.
Relators allege that on October 18, 1931, after Mr. Meyer had returned home, he refused *Page 851 
to give any information whatever, and that on October 19th, Mr. Meyer again refused to give any information whatever, "stating that the opposition faction had had a meeting and had entered into an understanding that everything would be kept in the dark and that no information would be given out." Pet., art. XII.
That thereupon, on October 19, 1931, relators endeavored to locate the secretary of the parish committee for the purpose of securing the necessary information, but were unable to find him.
That thereupon relators went to the office of the secretary of the Democratic State Central Committee in New Orleans and ascertained, according to the records on file there, that J. Ben Meyer was still chairman and Robert Lobrano was still secretary of the parish Democratic committee.
That thereupon relators, on October 23, 1931, called upon J. Ben Meyer, chairman, in person and before witnesses, tendered to him their written notifications of intention and their deposits as above referred to; but that J. Ben Meyer refused to accept same and then stated that he was no longer chairman of the parish Democratic committee, and that relators should go to R.E. Perez.
That on October 15, 1931, relators had spoken to R.E. Perez and had asked him for information when the committee would meet, and that he stated that he knew nothing about any meeting, and understood that either J. Ben Meyer or Robert Lobrano was chairman of the parish Democratic committee.
That on October 23, 1931, relators called on R.E. Perez and tendered to him their written notifications of intention to become candidates and their deposits, but that he refused same, stating that the time for filing had expired on October 17, 1931. *Page 852 
That on October 24, 1931, relators appealed to the chairman of the Democratic State Central Committee for relief, but were advised by him that his committee was without authority to grant same.
In disposing of the exception of no right or cause of action, the above state of facts must be taken as true.
Section 4 of Act No. 97 of 1922 provides: "That within twenty days after the issuance of said call by the State CentralCommittee for said primary election to nominate candidates for State officers, as hereinbefore provided, the respective districtand parochial committees shall meet and order that all nominations for district, parochial and ward officers, and members of the General Assembly of the State of Louisiana, that are required by law to be voted for at the general State election, shall be made by direct primary on the same date and at the same places at which candidates for State officers are voted for."
The language of this section, "shall meet and order," etc., is mandatory, and leaves no discretion in that respect to a parish Democratic executive committee, however much it may be within its discretion to meet any time "within twenty days after the issuance of said call by the State Central Committee."
Nor do we find any distinction between the language "shall meet and order," as applied to the parish committee, and the language,shall "meet and issue a call," as applied to the State Central Committee in section 3 of Act No. 97 of 1922, since each of these committees is required by law to order a primary within its respective jurisdiction.
"To issue a call" for a primary election, as contemplated by sections 3 and 4 of the act, is by no means a star-chamber proceeding. *Page 853 
In Black's Law Dictionary, "issue" is defined as "to sendforth; to emit; to promulgate; to put into circulation."
A call for an election, therefore, is not issued until it is made public, given out, or promulgated.
Under section 13 of the act, candidates for parochial and ward offices must file their notices within ten days "from and after the issuance of the call of the said committee for the said primary election." It is to be noted that the ten days does not run from the date of the meeting, but from and after theissuance of the call.
Although the parish committee met on October 7, 1931, relators, under the allegations of their petition, did not receive any notice as to this meeting and call for the primary until October 23, 1931. Necessarily, relators had the right to file their notices of intention to become candidates and to make their deposits at that date with Mr. R.E. Perez, chairman of the parish committee, who declined to accept same; and the right to compel him to perform his ministerial duties by writ of mandamus.
The petition, therefore, alleges a right and cause of action, and the exception of no right or cause of action is overruled.
4. The exceptions of misjoinder of parties plaintiff and of parties defendant, urged by defendants, are not well founded.
"`The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject-matter of the suit. * * *' Reardon v. Dickinson, 156 La. 556, 100 So. 715, citing Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, and other authorities." Erskine Heirs v. Gardiner, 166 La. 1098, page 1101, 118 So. 453, 454. *Page 854 
Plaintiffs, manifestly, have a common interest in the decision of this case, although they are candidates for different offices, as they are all complaining of the refusal of the chairman of the Democratic Executive Committee for the Parish of Plaquemines to accept their notifications of intention to become candidates at the primary election ordered by the committee, and their deposits required by law. State ex rel. Howe et al. v. Kendall, 44 Wn. 542, 87 P. 821; Lehman et al. v. Pettingell, 39 Colo. 258,89 P. 48; State ex rel. Denis et al. v. Mayor, 43 La. Ann. 92, 8 So. 893; State v. State Tax Collector, 39 La. Ann. 530, 2 So. 59.
There is, therefore, no cumulation of inconsistent demands in the petition, as contended by defendants.
The Parish Democratic Executive Committee for the Parish of Plaquemines, and the chairman of that committee, have been properly joined as defendants, for the reason that it is made the mandatory duty of defendant committee, under section 4 of Act No.97 of 1922, to meet and order a primary election for all parochial and ward officers for the parish of Plaquemines; and, under sections 13 and 14 of the act, parochial and ward candidates are required to file with the chairman of defendant committee written notifications of their intention to become candidates at the primary, and to make their deposits also with the chairman; and relators, in their main demand, have prayed for judgment against each of defendants, and also seek herein alternative relief.
5. Defendants contend that relators are estopped. The relators did not commit any acts which caused the defendants to change their position to their detriment. It cannot be seriously argued that, since a meeting of the parish committee was held on October *Page 855 
7, 1931, it was incumbent upon relators to find out all about this meeting and to file their qualification papers within the period fixed by law, and, not having done so, they are estopped from bringing this suit and have no cause of action.
6. On the merits, relators have proven, to our satisfaction, that the call for the primary election in the parish of Plaquemines was not issued by the Parish Democratic Executive Committee, i.e., it was not made public, given out, or promulgated, as required by section 4 of Act No. 97 of 1922.
As relators, after diligent inquiry, could not ascertain the date of the issuance of the call for a primary in the parish of Plaquemines until October 23, 1931, the delay of ten days for filing their qualification papers and making their deposits ran from that date, and the tender then made by relators to the chairman of the Parish Democratic Executive Committee for the Parish of Plaquemines was timely and should have been accepted by him.
Conceding that the meeting of the parish committee on October 7, 1931, was legal, relators are entitled to the relief or which they pray in the alternative.
It appears from the record that before midnight, October 17, 1931, the last day, according to the contention of defendants, about 59 candidates for various offices filed their qualifying-papers in lump and made their deposits with the chairman of the Parish Democratic Executive Committee for the Parish of Plaquemines.
It also appears from the record that on October 19, 1931, the parish committee met and made out a list of all the candidates who had filed their papers in lump on October 17, 1931, before midnight, showing those who had opposition and those who had none, and declared those without opposition to be the *Page 856 
nominees of the Democratic Party for the various offices for which they were candidates.
The candidates declared to be without opposition and thus nominated consisted of all the members of the parish committee, all of the justices of the peace, all of the constables, and all of the police jurors of the parish of Plaquemines.
The candidates declared to be with opposition were the sheriff, assessor, clerk of court, coroner, and member of the House of Representatives, there being two candidates for each of these places.
These lists were certified by the parish committee on October 19, 1931, to the secretary of state, who was authorized to cause the names to be printed on the official ballot.
It is clear that this certification, if not annulled, would deprive relators of their constitutional right, as electors of the state, to run for these same offices.
It is therefore ordered that the judgment appealed from be annulled and reversed.
It is now ordered that peremptory writs of mandamus issue directed to the Parish Democratic Executive Committee for the Parish of Plaquemines, composed of the following members: R.S. Leovy, Joseph F. Meyer, J. Ben Meyer, Joseph Jurjevich, L.H. Perez, E.E. Kirby, Joseph Antonio, John Evasovich, Fred Larry, Charles Cleveland, Joseph Mehrhoff, Walter McCormick, Louis Chanove, and David Beiber, or their successors, and to R.E. Perez, the chairman of said Parish Democratic Executive Committee for the Parish of Plaquemines, or his successor, commanding them to accept the written notifications of relators of their intention to become candidates and the deposits of relators, tendered heretofore to R.E. Perez, chairman of said parish committee on October 23, 1931, and refused by him. *Page 857 
It is further ordered that said Parish Democratic Executive Committee for the Parish of Plaquemines, composed of the members hereinabove stated, or their successors, and that R.E. Perez, chairman of said committee, or his successor, be commanded and ordered to annul the certification of the nominations of candidates heretofore made on October 19, 1931, and to certify to the secretary of state of Louisiana the names of relators as candidates also for the respective offices, referred to in paragraph IV of the petition, to be printed on the ballots for use in the primary election of January 19, 1932.
It is further ordered that defendants pay all of the costs of this proceeding.
ST. PAUL, J., dissents; being of opinion that the petition discloses no cause of action. See Smith v. Parish Democratic Executive Committee, 164 La. 981, 115 So. 54.
BRUNOT, J., dissents.