This suit grew out of a factional controversy between two groups of the Democratic Executive Committee of Bienville Parish. The primary objective of each group was to organize and politically control the Committee. Prior to the passage of Act 46 of 1940, the Committee consisted of twelve members, one each from the seven wards and five at large, but under the provisions of said Act the membership was increased to fifteen. This is due to the fact that three of the wards have two Police Jurors each, and this entitles them to two members each. Subsection (h) of Section 5. However, at the primary election held on January 18, 1944, only eleven members of the Committee were elected. No one qualified as a candidate for the position from Wards Five and Seven and only one qualified from Wards Two and Four, whereas each of these wards is entitled to two members.
The eleven members elected in January, 1944, are: W.W. Poole, Lloyd C. Stewart, A.L. Mosley, H.E. Davenport, Floyd Caskey and Ed Barnes, who will be hereinafter referred to as the Stewart faction; and Lorris M. Wimberly, J.S. Williams, Ed W. Merritt, J.H. Boddie and S.R. Wimberly, who will hereinafter be referred to as the Wimberly faction. W.A. Bryan, W.C. Carlile and H.E. Sudduth were elected in *Page 643 
1940 to represent, respectively, Wards Two, Five and Seven. They are aligned with the the Wimberly faction.
Under the provisions of Section 15 of the 1940 Act, Parish Committeemen elected in January, 1944, were required to meet and organize on or before the 15th day after their election.
Mr. Stewart took the initiative looking to the organization of the Committee and mailed to the other ten newly elected members written notice that a meeting thereof would be held in the Court House in the Town of Arcadia, the parish seat, at ten o'clock A.M., January 31st. Four members of the Stewart faction appeared in person at the time and place named. The other two members of this faction were represented by proxy. Several members of the Wimberly faction were in and about the Court House while the meeting was in progress but they refrained from going into the room in which it was held. The members present and represented proceeded to organize the Committee by electing a Chairman and a Secretary, and after declaring that there were vacancies in the Committee from Wards Two, Four, Five and Seven, elected residents thereof to fill the vacancies.
Learning what had been done at this meeting, Mr. Wimberly, who is Chairman of the old Committee, proceeded to call a meeting of the entire Committee, including all of the eleven newly elected ones, and the old members from Wards Two, Four, Five and Seven to be held in the Parish Court House at two o'clock P.M. January 31st. At this meeting there were present the newly elected members comprising the Wimberly faction and Bryan, Carlile and Sudduth. They proceeded to perfect an organization of the Committee by the election of officers. The salary of the Assistant Secretary was fixed at Fifteen ($15) Dollars per month. The Chairman announced that no one had been elected member of the Committee from Wards Five and Seven and only one member had been elected from Ward Two, and "that the old members are now serving until their successors have been named by the Committee, and it now being the duty of the Committee to name the members to serve for the ensuing terms, and then called for nominations accordingly." W.A. Bryan, W.C. Carlile and H.E. Sudduth were unanimously elected to represent said wards on the Committee.
The present suit was instituted by the six members of the Committee, composing the Stewart faction, and several other citizens, tax payers and voters affiliated with the Democratic Party in Bienville Parish. The eight members of the other faction are impleaded as defendants.
Plaintiffs, in their petition, recite the history of the two meetings and affirm the legality and validity of the organization and proceedings of the meeting in which six of them participated, but, on various and sundry grounds, attack the legality of the organization effected and proceedings had in the meeting by defendants. In addition, plaintiffs seek to have their organization recognized as legal, and to enjoin the functioning of the officers elected by the Wimberly faction and to procure possession of the records and funds now in the custody of that Committee and its officers; and to prevent the disposing or dissipating of said funds or any portion thereof. A temporary restraining order issued, which, until hearing could be had on the rule nisi for preliminary injunction, restrained and prohibited the defendants from doing and performing any of the various acts sought to be prevented by plaintiffs.
Defendants, answering the rule, affirm the legality of the organization of the Committee effectuated by them, and its proceedings. They attack as illegal the organization of said Committee by the Stewart faction and the proceedings thereof, assigning several reasons for their position. They expressly aver that all of their number, including Bryan, Carlile and Sudduth, are lawful members of said Committee and constitute a majority thereof; that the records and funds in the possession of the officers elected by them should remain in their possession; that their status as legal members of the Committee and that of the officers by them elected should be recognized and upheld by the court. They pray that the temporary restraining order be set aside, the rule nisi be recalled, and that plaintiffs be cast for damages, itemized in their petition, in the sum of Seven Hundred Seventy ($770) Dollars, including Two Hundred Fifty ($250) Dollars attorneys' fees.
Prior to filing answer, defendants pleaded the unconstitutionality of Act 46 of 1940 insofar as it attempts to provide that members of the Parish Executive Committee do not hold office until the election and induction of their successors; that it, in such event, would be in violation of Section 6 *Page 644 
of Article 19 of the Constitution of 1921. Defendants also in limine pleaded wrongful cumulation of and misjoinder of actions; misjoinder of parties plaintiffs and misjoinder of parties defendants. The petition was further excepted to as disclosing neither a cause nor a right of action.
Trial of the rule resulted in the issuance of preliminary injunction on the grounds alleged upon. The court overruled all of the exceptions and special pleas. Thereafter it was agreed that the answer of the defendants to the rule should stand as answer to the merits. The case on its merits was submitted for decision upon the evidence and testimony introduced on trial of the rule.
The court, giving written reasons therefor, held that the two meetings of members of the Committee on January 31st, and the proceedings had by each, were illegal, null, void and without lawful effect. It also held that the members of the Committee elected in 1940, but not re-elected in 1944, did not hold over and continue to exercise the duties of that office until their successors were inducted; that the failure to elect a member of the Committee automatically creates a vacancy. A permanent injunction issued.
The court further decreed and ordered:
"* * * that the eleven members of the Bienville Parish Democratic Executive Committee, nominated and elected in January, 1944, hold a meeting for the purpose of organization and the election of members to the vacancies because of a failure to elect four members of said committee, on or before the fifteenth day following the day on which the judgment rendered herein, or which may be rendered on appeal, becomes final; and that the defendant, Lorris M. Wimberly, a member of the newly elected committee and chairman of the old committee elected in 1940, call said meeting by posting written notice thereof on the Court House door and by mailing copies of said notice to each nominated and member elected at the election held in January, 1944 at least five (5) days before the date of said meeting."
All defendants appealed to this court.
In brief and oral argument, counsel for each side concede the correctness of that part of the judgment that decrees illegal, null and void, both Committee organizations of January 31st, and the proceedings of each. In passing, we add that the court's rulings on these questions, now acquiesced in by plaintiffs and defendants, are eminently correct. This disposition of the embattled Committee meetings leaves the situation, as regards organization thereof, the same as if no meetings had occurred.
Appellees are satisfied with the judgment. Appellants complain of it in all respects save that portion, mentioned above, in which they now acquiesce. Primarily, they complain of the judgment in holding that the old Committeemen, Bryan, Carlile and Sudduth, have no legal right to participate in a Committee meeting and should be excluded from participating in the meeting the court ordered held.
Appellants' counsel did not brief the pleas and exceptions filed by them. They excused themselves because of the briefness of time between the fixing of the case for argument and date of argument. They do not wish it understood, however, that the pleas and exceptions are abandoned. This case has been pending since early February. The pleas and exceptions were filed on the 14th day of that month. It seems to us that if appellants had much confidence in these pleas and exceptions, they would have supported them with briefs to enlighten this court touching their theory of the merits of each. This does not strictly apply to the plea of unconstitutionality because the basis of that plea and appellants' theory with regard thereto are clearly disclosed from its contents. This plea will be considered and disposed of in our opinion on the merits.
We are of the opinion that rejection of all of these pleas and exceptions is supported by law. We shall dispose of all of them, save that of unconstitutionality, by quoting with approval, the reasons assigned by the lower court in rejecting them, to-wit:
"* * * the defendants tendered several exceptions, viz: Misjoinder and wrongful cumulation of actions, misjoinder of both parties plaintiffs and defendants and of no cause or right of action. Rights under these exceptions were reserved to the defendants in the filing of their answer and in the trial of the rule. It was agreed that they might be passed upon in giving a decision on the rule for a preliminary injunction.
"Defendants say in their brief that some of the plaintiffs by their own allegations are not members of the committee and that such is what the exception of misjoinder of parties *Page 645 
plaintiff is leveled at, and ask the question: `What rights have they to join in this suit?' All the plaintiffs as well as the defendants, were citizens of the U.S. and of Louisiana, and were residents of Bienville Parish, and were registered and qualified voters and electors and were members of the Democratic party; they were taxpayers. It is contended that the plaintiffs have a right and interest in the proper conduct and legal conduct of the primary elections of the parish and State inasmuch as tax funds pay the expense; it is further alleged that numerous acts in violation of Act 46 of 1944 [1940] were being done or in the prospect of being done. Whether the plaintiffs are citizens and members of the political party, or members of the committee, or former candidates for office under calls by the committee, they have an interest in seeing that expenditures are proper and made by proper and legal authority; that their political party through its committees established and created by law functions in accordance with law and not illegally or contrary to law.
"The Supreme Court in the case of State ex rel. Ward v. Board of Supervisors of Elections, Parish of Rapides [186 La. 949], 173 So. [726] 727-730, said, quoting from the case of Le Blanc v. Hoffmann, 175 La. 517, 143 So. 393-395: `The courts of this state have jurisdiction in matters involving the proper administration of the Primary Law by the officials charged with its execution, and a mandamus will lie to compel the performance of a ministerial duty imposed by the primary law, and an injunction will issue to restrain an attempted act in violation of its provisions.' The allegations of plaintiffs' petition setting forth facts, comes within the general statement of the court above. The court then said: `Certainly if courts have jurisdiction to compel officers charged with the conduct of elections to perform their duties, a citizen has a cause of action in a suit to compel that performance.' If a citizen has that right, several citizens possessing the same right may lawfully join in the same suit, although in addition to that common interest and concern and right, some may have other rights, such as the candidates for the protection of the funds to secure their proper refund of their proportionate part of their qualifying fee and the members of the committee to secure their rights to participate in the proceedings of the committee.
"I do not understand that the former candidates are seeking in this suit a refund of their just portion of the fees paid in by them; they are seeking security for that fund and that such funds will come into alleged proper hands and eventually paid out in a proper manner. Since such is the case, the contention that such action must be brought against the whole committee is inapplicable. Hence, that the exception of misjoinder of necessary parties defendants is without merit, and for the reasons given above, the exception as to misjoinder of necessary parties plaintiffs is without merit, and both should be over-ruled.
"As to the question of the cumulation of causes of action, the law favors such cumulation in order to avoid the multiplicity of lawsuits, in the absence of the causes being contrary to or precluding the other or others. It has not been pointed out to the Court in what way the various alleged causes of actions are contrary to or preclude one another and in the court's opinion they do not preclude one another and that, therefore, they may be brought in one suit. That exception is accordingly overruled.
"Under Section 101 of the primary law, the courts have jurisdiction to enforce the provisions of the act, through either writs of mandamus or injunction, or other remedial writs. The petition has alleged grievances, which, if true, are in violation of the act; the petitioners have an interest as citizens, voters, taxpayers and as members of the Democratic party in seeking redress for the alleged grievances; the law confers jurisdiction over the matters upon the courts; hence, it could not be otherwise held other than that the petition states a cause of action. See State ex rel. Ward v. Board of Supervisors of Elections [186 La. 949], 173 So. 726; Le Blanc v. Hoffmann [175 La. 517], 143 So. 393; [State ex rel.] Elston v. Parish Democratic Executive Committee for Parish of Plaquemines, et al. [173 La. 844], 138 So. 857.
"Therefore, the exception of no cause or right of action is overruled."
It is obvious that the status of the old members, Bryan, Carlile and Sudduth, is and will be of decisive influence in the organization of the full Committee. If they are holding over and will continue to do so until their successors are elected and inducted, their votes will most likely determine which faction will ultimately prevail *Page 646 
in the organization of the Committee. To support the contention that these old members are holding over and have the right to participate in organizing the Committee, defendants cite and rely upon Section 6 of Article 19 of the Constitution, which reads: "All officers, State, municipal and parochial, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted into office" and the following cases: Dastugue v. Cohen, 14 La.App. 475, 131 So. 746; State ex rel. Tuttle et al. v. Republican State Central Committee of Louisiana, La. App., 192 So. 740.
It is the contention of the appellants that Parish Committeemen are officers within the meaning and intendment of the quoted section of the Constitution. If they are not officers, the plea of unconstitutionality, of course, loses the foundation upon which it is predicated.
The two cases relied upon by appellants and cited supra deal with members of a State Central Committee; not with Parish Committeemen. Regardless of what the court held or intended to hold in these cases, as regards the official character of members of a State Central Committee, the Legislature has seen fit to set at rest any uncertainty thereon. It is said in Section 10 of Act 46 of 1940, that:
"They shall never be considered as officers or employees of the State of Louisiana, or any of its subdivisions."
If members of the State Central Committee are not officers, a fortiori, a Parish Committeeman, being of inferior rank, is not. It smacks of absurdity to say that the former are not officers and at the same time contend that the latter are.
Parish Committeemen are in no sense officers of the State or Parish. They are simply officers or representatives of a political party, charged with specific duties but may not legally receive compensation for their services. If they are officers they are subject to the Dual Office Holding Act, Act No. 259 of 1940, and it is generally known that many officers of the State and Parishes also are members of the State Central Committee or of the Parish Committee, wherein they live.
Since members of a Parish Executive Committee are not officers within the meaning of the quoted Constitutional provision, the Legislature has unlimited power to fix their terms of office and prescribe when and under what circumstances a vacancy in such office exists. We think the Legislature has so acted. Section 15 of the 1940 Act clearly covers the matter. Referring to the election of members of the Parish Executive Committee, it says:
"They shall be elected for terms of four years each, shall serve without compensation, shall possess the same qualifications as herein fixed for members of the State Central Committee, and shall serve until their successors are elected.
"Any vacancy occurring in said committee, either by failure to elect, by resignation, death, or from any other cause, shall be filled by the Committee."
From this law certain things clearly appear to-wit:
The Committeemen are elected by the voters of the party for a term of four years; failure to so elect creates a vacancy in the position which the other members, who have been duly elected, by majority vote may fill by election. The Wimberly faction so construed these provisions when they attempted to elect the three old members to their respective positions. Against this interpretation appellants employ the clause "and shall serve until their successors are elected." This evidently refers to cases where Committeemen have been elected by the party voters in the manner and by the methods fixed in the Act. In such cases the old member continues to act until the new one takes office. Surely, if the old member (where no election has been had) continues in office until his successor is elected, no vacancy in the office is created by the failure to elect. Any other interpretation of these provisions would necessarily exclude one or the other. It is the duty of courts always to so construe laws that if possible all parts of them be given effect; that none be discarded.
There is no repugnancy between the above quoted and discussed provisions of Act 46 of 1940 and Section 6 of Article 19 of the Constitution.
For the reasons herein assigned, the judgment appealed from is affirmed with costs. *Page 647