This controversy arises over the selection of commissioners and clerks of election to serve at the election called by the Governor of the State of Louisiana to be held on April 15, 1947, for the election of Justice of the Supreme Court for the First Supreme Court District.
The Board of Supervisors of Elections for the Parish of Orleans and two of the individual members of that Board seek by mandamus to compel the Honorable Frank J. Stich, one of the judges of the Civil District Court for the Parish of Orleans, to grant a suspensive appeal from a final judgment enjoining them from appointing and certifying any persons as commissioners or clerks of election to serve at the said election whose names do not appear on lists furnished to the said Board of Supervisors by the Orleans Parish Democratic Executive Committee on March 11, 1947, and ordering the said Board of Supervisors to certify to the Parish Custodian of Voting Machines, "as the law provides, three commissioners and one clerk for each polling precinct * * * from the list furnished * * * by the Orleans Parish Democratic Executive Committee."
The Governor of the State of Louisiana called the election to be held in the First Supreme Court District on April 15, 1947. This election was called under the provisions of Act 224 of 1940, as amended. Section 12 of that statute, among other things, provides that the Board of Supervisors of Election shall appoint the commissioners and the clerks who shall preside at the various polling precincts and that in doing so they shall make the required appointments from lists furnished by "each of the several political parties." That section requires that such lists "must be furnished to the Board of Supervisors of Election at least thirty-five days before the day of election."
The second paragraph of that section reads as follows: "The parish committee, subject to the approval of the State Central Committee of each political party shall select the names which are to be sent in to the Board of Supervisors as hereinabove provided."
The Orleans Parish Democratic Executive Committee, on March 15, 1947, filed in the Civil District Court for the Parish of Orleans a petition in which it alleged that it had, on March 11, 1947, filed with the Board of Election Supervisors for the Parish of Orleans, a list containing names of persons qualified for appointment as commissioners and as clerks in accordance with the provisions of the said Statute and that no other political party had, within the time limit fixed in the statute, filed any other list.
The said Orleans Parish Democratic Executive Committee also alleged that in spite of this, it and its members were informed and believed, and therefore averred, that certain persons or groups of persons, pretending to represent the Democratic Party or faction of that party in this parish, had filed lists with the said Board of Supervisors, and the said Committee also alleged that it was informed and believed that the said Board of Supervisors had selected other persons than those named on the list submitted by it, and it prayed for a restraining order, and pending hearing on the merits, a temporary injunction, and finally a permanent injunction enjoining the said Board of Election Supervisors from selecting the said commissioners and the said clerks from any other list than that furnished by it.
A restraining order was issued and when the matter came up on the rule for a temporary injunction, by agreement of parties, the entire matter was submitted on the merits for a permanent injunction. After *Page 817 
trial a judgment was rendered granting the permanent injunction as prayed for.
The Board of Supervisors of Election and its individual members filed a motion for a rule to show cause why a new trial should not be granted but the District Judge, in an effort to expedite the matter did not issue the rule to show cause and refused to grant the new trial. Thereupon, the Board of Supervisors and two of its members filed a motion for a suspensive appeal without bond to this court. The District Judge refused to grant a suspensive appeal, giving written reasons as follows:
"The defendants have filed a motion for a suspensive appeal from the judgment rendered herein on March 21, 1947, and signed this day. The judgment in question enjoins and restrains the defendants from certifying commissioners and clerks for the General Election to be held April 15, 1947 from any list other than that furnished by the plaintiff, Orleans Parish Democratic Executive Committee, and further orders the defendants to forthwith certify said commissioners and clerks. A temporary restraining order was originally granted and on the trial of the rule nisi for a temporary injunction, by agreement of all parties it was stipulated that the case would be decided and tried on the merits for a permanent injunction. After such a trial a permanent injunction was issued. A motion for rehearing was filed on March 26th with a rule to show cause. The Court, rather then delay the final disposition of this matter and with a view of expediting the review of this entire matter by the appellate court, refused the show cause order and passed on the motion immediately, refusing the rehearing.
"Now, if I were to grant a suspensive appeal from my judgment, it would have the effect of absolutely nullifying same, certainly, in my opinion, past April 15, 1947, when the general election is to be held. Counsel for defendants contend that the defendants are entitled as a matter of right to a suspensive appeal. There are some cases to that effect, but in all such cases the injunctions were refused by the lower court. This case is entirely different in my opinion. By granting a suspensive appeal the matter could not possibly be passed upon by the appellate court before April 15th, and therefore the defendants would be doing indirectly that which they have been enjoined from doing directly. This being an election case, an expeditious determination of the issues is desirable and necessary in order that justice might be done to all. Further, this entire matter involves a contest for the appointment of commissioners and clerks for the general election, and not the municipal bond election which the Commission Council of the City of New Orleans has fixed and called for the same time as the general election, and the two elections shall not be confounded with each other, nor considered together, because they are entirely separate and distinct. This matter in my opinion is impressed with a public interest and it seems to me that the proper procedure for the defendants in this case is to apply for writs to the appellate court to exercise their supervisory powers, and in that manner the issues will be decided and passed upon before April 15th, the date of the general election, and before the questions involved in this case become moot.
"The motion is therefore denied."
Thereupon the Board of Supervisors and two of its members, after giving notice of intention to do so, applied to this court for writ of mandamus directed to the Judge of the Civil District Court, ordering him to grant a suspensive appeal.
The relators, Board of Supervisors, also prayed that a writ of prohibition issue, directed to the said Judge, enjoining and restraining him, directly or indirectly, from enforcing or attempting to enforce the judgment granting the injunction.
[1] Assuming for the moment that a suspensive appeal may be granted ordinarily in a matter such as this, when there is time for the perfecting of such an appeal, and for such decree as may be rendered to become final and to be effectively enforced, our attention is at once directed to the reasons given by the District Judge for refusing to grant a suspensive appeal — that *Page 818 
there is not time for the hearing of the matter on appeal and for a decree on appeal to be rendered and to become effective.
If a suspensive appeal should be ordered, it would effectively destroy the injunction because after the election has been held it would serve no purpose to decide that the commissioners and the clerks who had held it should not have done so. It is true that in practically all cases there is a right of appeal and that that right should be guarded jealousy, and that ordinarily no litigant should be deprived of it. But surely that right is not to be regarded as so sacred that it should be carried to the extent that the mere granting of an appeal would have the effect of completely reversing the judgment appealed from. The appeal could not be heard within the time fixed because it is settled that such a case as this is not an election contest and the parties are entitled to all of the delays provided by law for the trial of an ordinary case. State ex rel. Elston et al. v. Parish Democratic Executive Committee for the Parish of Plaquemines et al.,173 La. 844, 138 So. 857.
Since this is not an election contest and a decree could not become final prior to the day fixed for the election, a suspensive appeal should not be ordered.
Under Article 574.2 of Dart's Code of Practice, Act No. 22 of 1914, § 1, appeals to this court are returnable in not less than 15 or more than 30 days. It is apparent, therefore, that before an appeal could be perfected the issues would be moot, since the election is scheduled just 15 days from this date. Courts will not do vain things. State ex rel. Landeche v. Brady et al., La. App., 28 So.2d 297.
[2] Our jurisdiction in this matter is limited to the granting of a mandamus in aid of our appellate jurisdiction. We have no authority to consider applications for any supervisory writs.
The writs applied for are refused and the application of relators is dismissed at their cost.
Writs refused, relators' petition dismissed.