Dear Mr. Hawkland:
This office is in receipt of your request for an opinion of the Attorney General in regard to the status of a person elected to a state central committee. You ask whether a person elected to a state central committee of a recognized political party is a "public officer".
We find the observations of the Louisiana Supreme Court inLouisiana Republican Party v. Foster, 674 So.2d 225 (La. 1996) pertinent to your inquiry. The political party and party members instituted suit challenging statutes providing for the method of electing members to the party's state central committee. In holding that the statutory amendments providing for the number of members and the apportionment of voters in the election of persons to the Republican Party State Central Committee violated the Party's right of freedom of association, the Court made the following observations:
 Applying the above cases to the instant situation, it is readily apparent from the record that members to the state central committee of a political party do not appear to nor are alleged to perform any governmental function at all, much less an important one. In Fact, it appears the sole function of the state central committee members is to administer the party business. There is no allegation the committee members represent the people in the conduct of their government. * * *.
Earlier, in Poole v. Merritt, 19 So.2d 641, (La.App. 2nd Cir. 1944) involving a controversy between two groups of the Democratic Executive Committee of Bienville Parish, the court found, "Parish Committeemen are in no sense officers or representatives of the State or Parish. They are simply officers or representatives of a political party charged with specific duties but may not legally receive compensation for their services." Significantly, the court observed that Act 46 of 1940 set at rest any uncertainty as regards to the official character of members of a State Central Committee in providing as follows:
 Section 10. . . The members of the State Central Committee, shall be elected at the first primary election held in the State in January, 1944, for the nomination of State and Parish officers, and every four years thereafter. They shall serve without compensation, shall be elected for a period of four years, and shall serve until their successors are elected. They shall never be considered as officers or employees of the State of Louisiana, or any of its subdivisions. (Emphasis added.)
Consistent with this expression is the conclusion of this office in Atty. Gen. Op. No. 91-12 that there is no violation of the Dual Officeholding Statute in holding the position as an elected member of the Democratic Executive Committee and office manger of the district office of a member of the United States Congress inasmuch as the Dual Officeholding Statute in defining "Elective Office" specifically excludes all political party offices from that definition.
Based upon the jurisprudence, we are of the opinion that the courts have made it clear that a person elected to a state central committee of a recognized political party is not a "public officer" of the State.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr