PROVOSTY, J.
The defendant is a commission created by Act 177, p. 281, of 1920, entitled “An act to prevent fraud in the sale of certain securities herein defined; providing for supervision and regulation; and providing penalties.”
The act forbids the selling of the stock of corporations until the corporation shall have registered with the said Commission and obtained a permit.
The plaintiffs in this case entered with said Commission, acting through its president, into the following contract:
“New Orleans, La., Sept. 8, 1920.
“Whereas the Prophytol Manufacturing Company is engaged in the manufacture of antiseptics, tooth-paste and other articles of kindred nature, in the .city of New Orleans, and has disposed of a large part of its stock; and
“Whereas it is desirous of obtaining a temporary permit from the Louisiana Securities Commission for the purpose of selling seventy-one thousand (|71,000l.00l) dollars of the stock still remaining in the treasury; and
“Whereas the Louisiana Securities Commission is willing to issue a permit for the sale of the stock which will be good until a meeting of the Louisiana Securities Commission on condition that Marion Allen, president of the said company, shall place in escrow stock held by him and his associates J. Pope Seals and C. W. Abbott until a meeting of said Commission and the granting or refusal of a permanent certificate for the sale of said stock:
“Now, therefore, it is agreed that in consideration of the placing of this stock in escrow that the Interstate Bank & Trust Company with the Louisiana Securities Commis *357 sion hereby grants permit to the Prophytol Manufacturing Company for the sale of seventy-one thousand ($71,000.00) dollars of the treasury stock of the corporation, and which said stock of Marion Allen and his associates is to be held in escrow until a meeting of said Commission upon either the granting or refusal to grant a certificate for the sale of the stock of the Prophytol Manufacturing Company, the said stock placed in escrow shall .be returned to the said Marion Allen upon a statement from the Louisiana Securities Commission of its final action upon the application of the Prophytol Manufacturing Company.”
It may be well to explain here that the stock which had already been disposed of by the said company had been so disposed of before the passage of the said act creating the defendant Commission.
The stock which under the terms of said contract was to be delivered in escrow to the defendant commission was duly so delivered; the temporary permit to sell the $71,000 of stock was granted; this $71,000 of stock was sold; the Oornmission met on October 9,1920, and adopted the following resolution:
“No. 64, Prophytol Mfg. Company. It was resolved in this case that the company be granted a permit or license to sell stock applied for on condition that stock on hand deposited with the Interstate Bank subject to order of the Commission be held in escrow by the Commission under the rules and regulations of the Commission and if the business prove unsuccessful the said escrow stock shall not be permitted to share or participate in the distribution of the physical and tangible assets. That said escrow stock may be released at any time within two years on a proper showing of success to the satisfaction of the Commission. That inasmuch as certain stock has been sold on the faith of a temporary permit that the stock now held in escrow be not released unless the people who bought stock under the temporary permit or since the temporary permit was issued be returned all money paid for this stock with legal interest within sixty days from date. * * * ”
The condition of the contract under which the stock was placed in escrow having been that the stock was so placed “until a meeting of said Commission and the granting or refusal of a. permanent certificate for the sale of said stock” (the $71,000 of stock), and said meeting having been held and the granting'of the certificate having been refused, the plaintiffs, owners of the stock in escrow, bring this suit for the return to them of said stock, for the reason that the time during which the same was to remain in escrow has expired.
The defense to the suit is that while the letter of the contract is as here contended by plaintiffs, the intention of. the parties was in the sense expressed in the said resolution of the Commission.
[1] To substantiate this defense two of the plaintiffs were put on the stand by defendant, and were questioned as to what had been the intention; and they testified that it had been exactly as expressed in the contract. Mr. Allen, one of them, says that he at the time thought the contract to be “idiotic,” but that such as it was he had had no objection to entering into it; but that he never would have consented to a contract such as the defendant would now seek to interpret the present one to be.
The contract is plain and unmistakable in its terms, and must necessarily be enforced as made.
[2-4] The defendant filed the following exceptions:
“(1) That there is nonjoinder of the Prophytol Manufacturing Company, a necessary party hereto.
“(2) In the alternative, that defendant is an arm, instrumentality, and agency of the state of Louisiana exercising only governmental powers and duties vested in it, and that it cannot be legally proceeded against or made to stand in judgment herein without the authorization ai)d consent of the state of Louisiana which has not been given.
“(3) In the alternative, that the subject-matter of the complaint of plaintiff pertains to the discretionary exercise of the governmental and administrative functions vested in defendant which the courts have no power to supervise, direct or control.
“(4) And furthermore in the' alternative,' that the petition discloses no right of action in the plaintiff, and states no cause of action.”
*359 We find no merit in these grounds of exception. As the corporation cannot be affected by any judgment that may be rendered in the suit, it is not a n.ecessary party to it. And the state is not being impleaded; the suit is against one of its agencies to compel this agency to give up some movables which it is unlawfully refusing to give' up; and it evidently has no discretion in the matter.
[5] It is said in defendant’s brief that the president of the Commission was without authority to make the contract. If so, there is no contract, and'the property of the plaintiffs was taken possession of by defendant under a misapprehension, and as a consequence must simply be returned.
The judgment in favor of plaintiffs is affirmed.