(107 So. 783)

No. 25826.

COREIL et al. v. EVANGELINE PARISH SCHOOL BOARD et al.

(March 1, 1926. Rehearing Denied March 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Schools and school districts ⚷111—Buyer of school bonds who was to receive money from contractor building schoolhouses held not necessary party defendant in suit by taxpayers to enjoin such payment.**

In suit by taxpayers against school board and contractors building schoolhouses to enjoin payment to latter of sum added to their bid for purpose of payment to buyer of bonds issued to pay for building, such buyer was not necessary party defendant, since it had no contractual relation with plaintiffs, and it and defendants were joint tort-feasors, who could be sued jointly or severally.

2. **Courts ⚷17—Nonresident defendant cannot object to jurisdiction of court which has jurisdiction of res, unless he has no interest in subject-matter.**

Nonresident defendant cannot object to jurisdiction of court which has jurisdiction of res, unless he has no interest in subject-matter, and is therefore an unnecessary party.

3. **Schools and school districts ⚷111—Unauthorized final payment of contractors building schoolhouses held not to divest court of jurisdiction of subject-matter in suit to enjoin such payment.**

In suit by taxpayers against school board and contractors building schoolhouses to enjoin payment to latter of sum added to their bid to pay buyer of bonds issued to pay for such buildings, unauthorized final payment of contractors after suit was brought *held* not to divest court of jurisdiction of subject-matter.

4. **Schools and school districts ⚷111—Plaintiffs held not estopped to prosecute suit to enjoin payment to contractors by school board, where contractors were in bad faith.**

Plaintiffs *held* not estopped to prosecute suit against contractors building schoolhouses to enjoin payment to contractors by school board of sum added to their bid to pay buyer of bonds issued to pay for such buildings because they did not seek to prevent execution of contract nor enjoin final payment thereunder, where contractors were in bad faith, and petition charging fraud in formulation of bid was served on defendants prior to date of final payment under contract.

5. **Schools and school districts ⚷111—Evidence held to show fraud in sale of school bonds, where buyer demanded additional payment from contractor building school, who added such amount to his bid.**

Evidence *held* to show fraud in sale of school bonds, where buyer received additional payment from contractor, who added such amount to his bid.

6. **Schools and school districts ⚷111—Judgment enjoining school board from making payment to contractors held not to preclude board from asserting any action it may have against contractors.**

Judgment enjoining payment to contractors by school board of $13,000 added to contract bid to pay to buyer of bonds issued to pay for school buildings *held* not to preclude school board from afterward asserting any action it may have against contractors.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by Armand Coreil and others against the Evangeline Parish School Board and another. Judgment for plaintiffs, and defendants appeal suspensively and devolutively. Affirmed.

E. R. Kaufman, of Lake Charles, and A. H. Garland, of Ville Platte, for appellant Knapp & East.

S. W. Gardiner and O. E. Guillory, both of Ville Platte, and E. B. Dubuisson, of Opelousas, for appellees.

BRUNOT, J. The plaintiffs are resident property taxpayers of the First school dis-

trict of the First ward of the parish of Evangeline, and the defendants are the Evangeline parish school board and Knapp & East, of Calcasieu parish.

A summary of the allegations of the petition follows:

The First school district of the parish of Evangeline, in which the town of Ville Platte is situated, voted two bond issues for the purpose of raising funds to build a brick schoolhouse in Ville Platte, and three frame schoolhouses in the district, outside of said town. When the bonds, which were authorized by the second election, were offered for sale, only one bid, that of W. L. Slayton & Co., of Toledo, Ohio, was submitted. The bidder offered par value with accrued interest and a bonus of $200 for the bonds, but the building committee of the school board rejected the bid because it contained the following condition:

> "Award of contract for construction involving this issue, and issue which it supplements, to be a contractor mutually satisfactory to the School Board and ourselves."

Thereafter the school board, without readvertising for bids, received and accepted a bid from W. L. Slayton & Co. identical, in all respects, with the first bid submitted by that company, including the objectionable condition contained therein. This was followed by an advertisement for bids for the construction of the brick schoolhouse in Ville Platte. At the bidding for this work W. L. Slayton & Co. was represented by an agent who, by reason of the condition contained in the contract for the purchase of the bonds, imposed upon the prospective bidders the condition that each bidder should, without any consideration whatever to the bidder or to the school board, superadd $13,000 to his bid for the benefit of W. L. Slayton & Co. The bids were made in accordance with that condition, and the contract was awarded to Knapp & East for the price and consideration of $99,444. The petition specifically alleges that the transaction was immoral and fraudulent, and the prayer is for a judgment decreeing that the true consideration of the contract for the construction of the school building in the town of Ville Platte was, and is, the sum of $86,444; that the sum of the contract in excess of that amount was a fraud perpetrated upon the taxpayers of the district; and, that the school board of the parish of Evangeline, and each of its officers, be enjoined from paying out any greater sum under the contract than $86,444. The petition contains other allegations which we have omitted because they merely accentuate the charge of fraud and amplify the foregoing alleged facts.

The defendant school board excepted to the petition for want of legal designation of the defendant and legal citation. Thereupon plaintiffs filed a supplemental and amended petition in which the Evangeline parish school board was legally designated, and a proper citation was issued and served. Knapp & East filed three exceptions to the suit, viz.: To the jurisdiction of the court ratione personæ; nonjoinder of necessary parties defendant; and no right or cause of action. This defendant also filed a plea of estoppel. The exceptions to the jurisdiction of the court and nonjoinder of parties defendant were overruled. The exception of no cause of action and the plea of estoppel were referred to the merits, and both were finally overruled in the judgment on the merits.

The answer of the Evangeline parish school board admits the truth of the allegations of the petition, except that it avers the legality of the contract for the sale of the bonds and the selection of the depository of the funds realized from said sale, and it avers that it delegated to a committee of resident taxpayers of the school district full authority to advertise for, receive, and open bids for the construction of the proposed school buildings;

that it accepted the recommendation of said committee, and awarded the contract to Knapp & East for the sum bid by that firm, to wit, $99,444.

The answer of Knapp & East denies all of the material allegations of the petition. It specifically denies that defendant conspired to defraud the taxpayers of the First school district of the First ward of Evangeline parish. It denies that defendant committed any unlawful act, or any act contrary to good morals or public policy. It avers that defendant's bid for the construction of the school building in Ville Platte was $99,444; that defendant submitted the lowest bid for the proposed work; that the contract was lawfully awarded to defendant; that defendant has fully executed the contract; that the school board has accepted the building, and has fully and finally paid defendant therefor.

[1] The exception of nonjoinder is predicated upon the assumption that W. L. Slayton & Co. is a necessary party defendant because the petition alleges that the bidder to whom the contract was awarded must be acceptable to the company, and that W. L. Slayton & Co., by reason thereof, imposed upon all of the bidders the condition to superadd $13,000 to their bids for the benefit of that company.

Our learned brother of the district court held that there was no contractual relation between W. L. Slayton & Co. and the plaintiffs in this suit; that defendants were sued as tort-feasors; and that tort-feasors may be sued jointly or severally, at the option of the pleader. It is true that there was no contractual relation between W. L. Slayton & Co. and the plaintiffs. There was, however, such a relation between that company and the school board and such a relation between that company and the bidders who submitted bids to the school board. The latter contract is such as is reprobated by law, and it is this contract which authorizes the suit against the parties to it as tort-feasors severally or jointly. The exception was, therefore, correctly overruled.

[2] Knapp & East is a copartnership. The copartnership, and the members thereof, are domiciled at Lake Charles, Calcasieu parish, beyond the territorial jurisdiction of the court in which this suit was filed. The exception to the jurisdiction of the court is based upon that fact. The exception was overruled because the court had exclusive jurisdiction of the res, or subject-matter, of the suit and of the defendant school board, and the exceptor was a necessary party to the suit. The ruling was correct.

"It could only be upon the theory that the exceptor is without interest in the subject-matter of this litigation, and therefore an unnecessary party, that the court below could be said to have no jurisdiction as to him." St. Landry Lumber Co., Ltd., v. Mayor & Board of Aldermen of Town of Bunkie, 99 So. 687, 155 La. 892.

[3, 4] The exception of no cause of action is based upon the alleged execution of the contract between Knapp & East and the Evangeline parish school board and the payment of all sums due under the contract. This exception was referred to the merits. The evidence in the record shows that this suit was filed and the petition and citation were served upon H. M. Knapp, one of the partners of the copartnership, for the copartnership of Knapp & East, on June 22, 1922; that the building was not finally completed and accepted until September 7, 1922; and that the final payment on the contract, amounting to $14,927.51, was made on September 12, 1922. The testimony also shows that the final payment was not authorized by the school board. Dr. J. C. Vidrine testified that he was president of the Evangeline parish school board; that no authority was given by the board to make the final payment under the contract with Knapp & East; and that he did not know this payment had been made until after the 12th of September, 1922. Upon this showing the court held that the

final payment was not legally authorized, and therefore it did not divest the court of its jurisdiction over the subject-matter of the suit. We concur in the ruling. Knapp & East had been served with the petition and citation, in which they were charged with fraud. They knew that the court then had jurisdiction over the res. Acts smacking of bad faith could not divest the court of its jurisdiction. Defendant alleges that plaintiffs are estopped from prosecuting the suit because they did not seek to prevent the execution of the contract and did not enjoin the final payment thereunder. The court found that defendant was in bad faith; that service of the petition, in which defendant was charged with conspiracy and fraud in the formulation of its bid, with resultant loss to the taxpayers of the district, was made upon defendant long prior to the date of the final payment under the contract; and that, at least, a prima facie showing of good faith must be made before a litigant can urge the plea of estoppel in avoidance of an otherwise lawful action against him. Upon this finding the plea was overruled, and we think the ruling was correct.

After adversely disposing of the exceptions and plea of estoppel, judgment was rendered in favor of the plaintiffs and against the defendants decreeing the true consideration of the contract entered into by the Evangeline parish school board and Knapp & East for the construction of the high school building in Ville Platte to be $86,444, and not $99,444, as stipulated therein, and annulling the contract to the extent of $13,000 as being without consideration and a fraud upon the plaintiffs. From this judgment the Evangeline parish school board and Knapp & East appealed suspensively and devolutively.

[5] We find in the record copies of the proceedings of the school board relating to the sale of the bonds, to the appointment of and authority conferred upon its building committee, the reports of that committee, and the award of the contract, upon its recommendation, to Knapp & East, for the construction of the school building in Ville Platte; the consideration stipulated in said contract being $99,444. We also find in the record the oral testimony of ten or more witnesses, the majority of whom were called by the plaintiffs.

Upon reading the testimony of Mr. C. P. East, one of the copartners of the firm of Knapp & East, and a witness for defendants, we find that it is not necessary to review the testimony of those witnesses. We will, however, say here that the testimony given by Dr. Vidrine, the president of the school board, is commented upon in our reasons for sustaining the action of the lower court in overruling defendant's exception of no cause of action.

Mr. East admits that the bid of Knapp & East was padded to the extent of $13,000, the sum alleged in the petition. He admits that Mr. Maine, the agent of W. L. Slayton & Co., approached him. His testimony on this point is as follows:

"After he approached me, I didn't tell him whether I would or would not do anything. I waited until Mr. Favrot came to town. I went to Mr. Favrot, and told him what I understood the conditions to be, and I asked him his advice, and he told me that, under the conditions, he didn't see how the school board could erect the building any other way. That was what he told me."

The foregoing statement was made by the witness while testifying in chief. On cross-examination he testified as follows:

"Q. Is it not a fact that you added $13,000 to your bid? A. I did.

"Q. That was for Mr. Maine? A. No sir; I understood it was for Slayton & Co. to take care of the discount on the bonds."

When this testimony is considered in connection with the bid of W. L. Slayton & Co. for the bonds, which bid offered par and accrued interest and a premium of $200 for the bonds, one must be credulous indeed to attach any importance to the alleged reason

for padding the bid. The lower court reached this conclusion, and based its judgment upon that finding of fact. We are of the opinion that the fraud alleged in the petition is established by the testimony, and that the judgment appealed from is correct.

[6] Appellees answered the appeal in this court, and pray that the judgment be amended and a decree rendered in favor of the defendant Evangeline parish school board, and against the defendant Knapp & East for $13,000, and, as thus amended, it be affirmed. The pleadings in this case do not warrant such an amendment. The Evangeline parish school board is not precluded by this judgment from hereafter asserting, in a proper proceeding, any action it may have against its codefendant.

For these reasons, the judgment appealed from is affirmed, at appellants' cost.