(108 So. 127)

No. 25883.

GUILLORY et al. v. FONTENOT, Parish Superintendent of Public Education, et al.

(March 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. Venue ⊂⊃8—Court held not to have jurisdiction of defendants not residents of county, in suit charging them as tort-feasors.

Court *held* not to have jurisdiction ratione personæ of nonresident defendants, in suit charging conspiracy by them with another to defraud plaintiffs, where no contractual relation existed between plaintiffs and defendants.

2. Schools and school districts ⊂⊃111—Petition, in suit by taxpayers to recover public funds fraudulently disposed of by school board, should show that latter was party to fraud and refused to act in premises.

Court *held* properly to ignore supplemental and amended petition, in suit by taxpayers of school district to recover public funds fraudulently disposed of by school board, where it did not show that latter was party to alleged fraud and refused to act in premises.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by O. E. Guillory and others against Y. L. Fontenot, Parish Superintendent of Public Education, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

S. W. Gardiner and O. E. Guillory, both of Ville Platte, and Dubuisson & Burleigh, of Opelousas, for appellants.

E. R. Kaufman, of Lake Charles, and A. H. Garland, of Ville Platte, for appellee Knapp & East.

BRUNOT, J. This is a suit by taxpayers of the First school district of the First ward of the parish of Evangeline. The defendants are Knapp & East, residents of Lake Charles, Calcasieu parish, La., the Evangeline parish school board, Y. L. Fontenot, parish superintendent of public education and ex officio treasurer of the school funds, and his official bond, the Fidelity & Deposit Company of Maryland. The suit grows out of the award of a contract by the school board for the construction of a high school building in the town of Ville Platte. The building was completed, accepted, and paid for at the contract price. Knapp & East excepted to the jurisdiction of the court ratione personæ. The Evangeline parish school board, Y. L. Fontenot, and the Fidelity & Deposit Company of Maryland filed exceptions to the suit. The bonding company excepted on the ground that plaintiffs were without capacity to bring the suit or stand in judgment, that the petition discloses no legal cause or right of action, and that the petition is too vague to require an answer. The school board and Y. L. Fontenot, the superintendent of public education, excepted upon the ground that the petition did not disclose a right or cause of action in the plaintiffs, and that plaintiffs had no right to demand a judgment in their favor in the suit. Subsequent to these exceptions, a supplemental and amended petition was filed in which the plaintiffs pray for a judgment in their favor and in favor of all other taxpayers of the school district similarly situated. From a judgment sustaining all of the exceptions and dismissing plaintiffs' suit, they have appealed.

[1] Counsel for Knapp & East contend, in their brief, that the court has no jurisdiction over Knapp & East unless it is shown that the action is one ex contractu and that Knapp & East are solidary obligors; that the action brought is one of tort and no contractual relation existed between plaintiffs and the defendants. Counsel are correct in this. This is clearly an action in tort. It is brought by the plaintiffs upon the allegation that a conspiracy had been entered into between Slayton & Co. and Knapp & East to defraud them. The learned judge of the district court therefore sustained the exception filed by Knapp & East to the jurisdiction of

the court ratione personæ, and his ruling is correct.

The school board, Y. L. Fontenot, superintendent of public education for the parish of Evangeline, and his official bondsmen are not represented herein by counsel and have not filed a brief, but, in as much as the brief filed by plaintiffs and appellants assigned as the only errors of the court below its ruling upon the exception of Knapp & East to the jurisdiction of the court ratione personæ, to the capacity of the plaintiffs to bring the suit and stand in judgment, to the alleged failure of the petition to disclose a right or cause of action, and that the court ignored their supplemental and amended petition, the record enables us to dispose of the assignment of errors, in so far as the other defendants are concerned.

[2] It is apparent from the original petition that plaintiffs were not entitled to prosecute the suit and stand in judgment therein, and that consequently the petition did not disclose a cause or right of action. The supplemental petition prays for "judgment in favor of plaintiffs and for all other taxpayers similarly situated for the use and benefit of the First school district of the First police jury ward of the parish of Evangeline." While it is true that the jurisprudence of the state authorizes taxpayers, in proper cases, to sue for the recovery of public funds or property, in which they have an interest in common with all other citizens similarly situated, when it is alleged that the governing authority which is charged with its administration has illegally or fraudulently disposed of it, such a suit is not based upon any contractual relation, and, in the absence of a showing in the petition that the governing authority, which, in this case, is the school board, was a party to the alleged fraud and refuses to act in the premises, the taxpayers' suit is, at least, premature. It is doubtless upon this theory that the trial judge ignored the plaintiffs' supplemental and amended pe-

tition and decided the exceptions upon the original pleadings. In the companion case (Armand Coreil et al. v. Evangeline Parish School Board et al., No. 25826 of the docket of this court, 107 So. 783[1]), recently decided, we anticipated proper action by the Evangeline parish school board, the governing authority, and we concluded the opinion with the following reservation of its rights:

"The Evangeline parish school board is not precluded by this judgment from hereafter asserting, in a proper proceeding, any action it may have against its codefendant."

We think the judgment of the lower court is correct, and it is therefore affirmed at appellants' cost.

---

(108 So. 128)