LAND, J.
 

 Plaintiff alleges that on or. about the 5th day of October, 1928, he was employed under the provisions of Act No. 99 of 1928 as an investigator of the state bureau of criminal identification and investigation at a salary of $2,500 per annum, payable monthly upon the warrants of the state auditor.
 

 That on January 1, 1931, plaintiff received from the bureau a commission, signed by R. L. Whitman, superintendent, which expired December 31,1931; that plaintiff received his salary, at the rate of $208.33 per month, until March 1, 1931, but has received no' salary since that date, although plaintiff has hot' been legally discharged as investigator-, no complaint in writing having been made- by R.
 
 *523
 
 L. Whitman, superintendent, to the board of managers of the bureau; no notice of any-hearing, and no hearing or trial, or notice of dismissal, having been given plaintiff by the board, as required by section 10 of Act 99 of 1928.
 

 That section 8 of Act 99 of 1928 provides that salaries shall be paid monthly upon warrants of the state auditor. That, in accordance with this provision, plaintiff has made demand on L. B. Baynard', Jr., auditor of the state, to issue warrants for his salary from' March 1, 1931, until he is legally removed, and that the auditor has failed and refused to issue such warrants.
 

 That plaintiff has demanded of R. L. Whitman, superintendent of the bureau, to direct the auditor of the state to issue the warrants for the salary due plaintiff from March 1, 1931, but that the superintendent has failed and refused to do so.
 

 That on or about" July 7, 1931, plaintiff made a written request upon the board of managers, through its chairman, for assistance in obtaining his salary, but no relief was afforded him.
 

 Plaintiff prays that an alternative writ of mandamus issue to R. L. Whitman, superintendent of the state bureau of criminal identification and investigation of Shreveport, La., and to L. B. Baynard, Jr., auditor of the state of Louisiana, of Baton Rouge, La., directing each of them to issue warrants for plaintiff’s salary, at the rate of $208.33 per month, from March 1, 1931, until plaintiff is legally removed'.
 

 The defendant Whitman, superintendent of the bureau, excepted to the jurisdiction of the district court of the parish of East Baton Rouge ratione personae, since the state bureau of criminal identification and investigation is domiciled in the city of Shreveport, La. Both defendants, the superintendent of the bureau and the auditor of the state, pleaded misjoinder of defendants, and filed exceptions to plaintiff’s petition on the ground that it discloses no cause or right of action.
 

 The pleas to the jurisdiction and of misjoinder of defendants were overruled in the court below, but the exceptions of no cause or right of action were maintained, the rule nisi issued herein by the trial court was recalled, and plaintiff’s suit was dismissed at his cost. From this judgment plaintiff has appealed.
 

 1. Section 1 of Act No. 99 of 1928 creates a bureau of criminal identification and investigation, consisting of a superintendent, an assistant superintendent, one expert record searcher and bookkeeper combined, one stenographer and bookkeeper, and three investigators, and provides that this -bureau shall be located in the city of Shreveport, Caddo parish.
 

 Section 11 of the act authorizes and empowers the various members of the bureau to make arrests anywhere in the state of Louisiana, without warrants, for all violations of the law they may witness, to serve and execute warrants issued by the proper local authorities, and to exercise throughout the state the powers of sheriff, chief of police, marshal, or constable, except in the service of civil process.
 

 The bureau, therefore, is a state agency. It has no funds of its own at its domicile in
 

 
 *525
 
 Shreveport, la., hut relies upon an appropriation made under Act No. 30 of 1930.
 

 Since it is provided in section S of Act No. 99 of 1928, creating the bureau, that “all salaries shall be paid monthly upon warrants of the State Auditor,” and since that official has his office and domicile in the city of Baton Rouge, as does the treasurer of the state, upon whom the warrants are necessarily drawn, it appears that the district court of East Baton Rouge parish has jurisdiction of the subject-matter of this suit, and of the auditor of the state.
 

 If this suit had been brought in the parish of Caddo, the auditor of the state might have declined jurisdiction there on the same grounds urged by the superintendent of the bureau in the present proceeding. Manifestly, the cause of action in this case cannot be split and two suits filed in different parishes. We see no reason why the court below should not entertain jurisdiction. In fact, it is the only one that may. Corell et al. v. Evangeline Parish School Board et al., 160 La. 1011, 107 So. 783; St. Landry Lumber Co., Ltd., v. Mayor & Board of Aldermen of Town of Bunkie, 155 La. 892, 99 So. 687.
 

 2. Since it may be fairly assumed that the auditor of the state would not issue warrants against the fund appropriated for the bureau salaries, without instructions from the superintendent therefor as to the names of the employees, their respective salaries, etc., the superintendent of the bureau has an interest in the subject-matter of this litigation, and is a necessary party to this suit.
 

 The exception of misjoinder as to defendants was properly overruled.
 

 3. As relates to defendants’ exceptions of no cause or right of action, it is our opinion that the plaintiff has alleged a prima facie case entitling him to a 'mandamus. He has .made demands upon the superintendent of the bureau and upon the auditor of the state for payment and for the issuance of warrants for that purpose. Since section 8 of the Bureau Act provides that “all salaries shall be paid monthly upon warrants of the State Auditor,” the issuance of such
 
 warrants
 
 is the only way in which plaintiff can be paid whatever salary may be due him, since the bureau has no private treasury, nor private funds of its own to be seized under execution. A -direct suit against the bureau would therefore be of no avail whatever to plaintiff.
 

 In article 6 of the petition it is alleged that: “Relator further shows that, since said date of employment,' he has always been and is now a duly qualified and employed Investigator of said Bureau of Criminal Identification and Investigation, and as such is entitled to his salary at the rate of Two Hundred Eight and 33/100 ($208.33) Dollars per month from March 1, 1931 until dismissed from said employment, in accordance with the provisions of said Section 10 of Act 99 of 1928; that relator has never refused to perform the duties of his office.” - ■
 

 Defendants contend, under their exceptions of no cause or right of action, that the allegations contained, in this article are mere conclusions of law, without any allegations of fact upon which to base these conclusions.
 

 Defendants, therefore, assert that plaintiff has not sufficiently alleged that he- is an employee of the bureau to recover the salary
 

 
 *527
 
 sued for, as lie has failed to aver that, at the time of his employment, he had passed a mental examination on the standards fixed by the superintendent of the bureau, and with approval of the bureau, and that he was a citizen of the United States, in good health, and of good moral character, which are qualifications required by section 10 of Act No. 99 of 1928 to be possessed by all persons employed by the bureau.
 

 In making such contention, defendants lose sight of the fact that plaintiff has also alleged that he was employed by the superintendent of the bureau as investigator, that he has never been legally discharged, and has actually served as investigator for two months and received pay for such services.
 

 In the face of such a state of facts, it must be assumed, necessarily, that plaintiff possessed — as investigator — all of the statutory qualifications.
 

 The exception of no cause or right of action is therefore overruled.
 

 4. We find in the record all the evidence that was taken upon the trial of the rule nisi issued herein. But, as the trial judge did not pass upon the merits of plaintiff’s application for mandamus, this is original evidence as far as this court is concerned, and cannot be considered by us at this time.
 

 It is ordered that the judgment appealed from be amended so as to overrule the exception of no cause or right of action, and that judgment, as amended, be affirmed.
 

 It' is further ordered that this case be remanded to the lower court for decision upon the merits: