162 So. 26

**STATE ex rel. VIOLET TRAPPING CO., Inc., v. GRACE, Land Office Register, et al.**

No. 33304.

April 29, 1935.

Rehearing Denied May 27, 1935.

Edward Rightor and Edwin J. Prinz, both of New Orleans, for appellant.

Emmet Alpha, Sp. Asst. to Atty. Gen., for respondents.

Bentley G. Byrnes, of New Orleans, amicus curiæ on behalf of Trappers' & Fishermen's Union, Local 18408.

Milling, Godchaux, Saal & Milling, of New Orleans, amicus curiæ representing Bondholders' Protective Committee for Drainage Bonds of Bayou Terre-Aux-Boeuf Drainage Dist.

BRUNOT, Justice.

This is a mandamus proceeding coupled with a prayer for injunctive relief. An alternative writ of mandamus and a rule nisi issued. The respondents filed the following exceptions to the suit, viz.: First, to the jurisdiction of the court ratione personæ and ratione materiæ. Second, that the state of Louisiana is the real defendant in the suit, and that the state cannot be sued without its consent. Third, that there is a misjoinder of parties defendant and causes of action. Fourth, that title to real estate cannot be determined in a summary proceeding. Fifth,

that relator's petition does not disclose a right or cause of action. Respondents also filed their answer.

The holders of bonds of the Bayou Terre-Aux-Boeuf Drainage District intervened in the suit, and Louis M. Vinsanau, clerk of court of St. Bernard parish, a party defendant, filed his answer thereto.

The issues raised by the pleadings were heard and submitted to the court, and judgment was rendered thereon maintaining the respondents' exceptions of no right and no cause of action, recalling the alternative writ of mandamus and the rule nisi theretofore issued on relator's application, denying all other relief prayed for, reserving the rights of intervenors to be asserted in an appropriate proceeding, and dismissing relator's suit at its cost. From this judgment the relator appealed.

In disposing of the issues presented by the pleadings, the learned trial judge comments upon the facts disclosed and correctly says:

"As a basis for the application for the writs of mandamus and injunction relator alleges the execution of a lease by the register of the state land office on October 3, 1924, in favor of the board of commissioners of the Bayou Terre Aux-Boeuf Drainage District, embracing all lands within said district adjudicated to the state during the years 1912 to 1924, inclusive, for nonpayment of taxes; that said lease was for a term of ten years and on January 18, 1934, was renewed for an additional period of ten years; that relator attached to the petition lists of said land covered by the original and renewal lease. Relator further alleges that it became the assignee of said two leases with all of the rights and privileges of the drainage district; that relator has therefore a property right in all lands included in said lease. It is then alleged by relator that the certificates of redemption heretofore mentioned were issued by the register of the state land office under Act No. 161 of 1934, as aforesaid, and covered lands embraced in said lease. Relator then quotes an excerpt from article 10, § 11, of the Constitution of 1921, relative to redemptions, in effect at the time of the granting of said lease, and also the same constitutional provision, as amended by Act No. 147 of 1932, and attacks the constitutionality of said Act No. 161 of 1934, and of Act No. 175 of 1934, a statute in pari materia, on various grounds. Relator alleges irreparable injury and loss; that demand has been made in vain and that it has no adequate remedy other than by mandamus.

"A committee of three, representing the owners of certain bonds issued by said drainage district, which includes all the territory embraced within the limits of the parish of St. Bernard, and upon which lands an acreage tax has been levied to meet the payment of said bonds and interest, intervened, joined with the relator in its demand and alleged the unconstitutionality of the two statutes on the same and other grounds.

"The register of the state land office, the Orangedale Colony Company and the St. Bernard Syndicate pleaded the following exceptions in the alternative:

"That the court is without jurisdiction ratione personæ and ratione materiæ; that the state of Louisiana is the real defendant and cannot be sued without its consent; misjoinder of parties defendant and causes of action; · that title to real estate cannot be determined in a summary proceeding; no right or cause of action.

"The Plaquemines Land Company filed a motion to dismiss, alleging lack of interest; the clerk and recorder of the parish of St. Bernard answered, and the other respondents, except the Orangedale Colony Company, with reservation of their exceptions, likewise answered. The Illinois Louisiana Land Company made no appearance.

"The exceptions to the jurisdiction of the court and misjoinder of parties defendant and causes of action, are overruled on the authority of State ex rel. Navo v. Baynard, State Auditor et al., 176 La. 520, 146 So. 41; Erskine Heirs v. Gardiner, 166 La. 1098, 1101, 118 So. 453; Reardon v. Dickinson, 156 La. 556, 561, 100 So. 715; and State ex rel. Elston et al. v. ·Parish Democratic Executive Committee, 173 La. 844, 138 So. 857.

"The exception that this is a suit against the state is likewise overruled, and in accord with Richardson v. Liberty Oil Company et al., 143 La. 130, 78 So. 326, and Abbott et al. v. Louisiana Securities Commission, 149 La. 354, 89 So. 211. See, also, State v. Nicholls, 42 La. Ann. 209, 7 So. 738, and State v. Heard, 47 La. Ann. 1679, 18 So. 746, 47 L. R. A. 512.

"Respondents' next exception that title to real estate cannot be determined in a summary proceeding is answered by what was said in State ex rel. Bond v. Register of Conveyances et al., 162 La. 362, 110 So. 559, 560, to wit: 'Because relator might have instituted a direct action is no reason why he is not entitled to proceed .by mandamus. Code Prac. art. 831, provides that a judge may, in his discretion, issue a writ of mandamus even when the complainant has other means of relief, if the slowness of an ordinary proceeding would be likely to cause a delay which would hamper the administration of justice. See, also, Lanaux v. Recorder of Mortgages et al., 36 La. Ann. 974; State v. City·of New Orleans, 148 La. 1045,· 88 So. 392; State v. Hallam, 150 La. 922, 91 So. 298; State v. Jeter, 151 La. 1011, 92 So. 594. If the registry of an alleged contract by the owner of land to sell it to another person should compel that owner to resort to a direct action for the rescission of the contract, there would be no end to such lawsuits.' See, also, State ex rel. Board of Commissioners of Buras Levee District v. N. A. Baker & Son et al., 146 La. 413, 83 So. 693. This exception is also overruled.

"This brings to consideration the exceptions of no right or cause of action. Un-

der these exceptions it is necessary to determine whether the petition, read in connection with the contracts of lease, attached thereto, alleges a prima facie case entitling relator to the writs of mandamus and injunction prayed for.

"In the contract of lease dated October 3, 1924, appears the following clause, in fact it is set out in relator's petition: 'This lease is made and accepted for a period of one year from the date hereof, subject to renewal annually for a period of ten (10) years, at the option of the lessee or its assigns, for the same consideration named herein, and further subject to redemption of all or part of the lands covered by it, or sale of the same by the State * * *.' And in the contract of lease, dated January 18, 1934, it is provided that the prior lease is renewed 'for and on the payment of the same annual consideration and on the same terms and conditions as are fully set forth in said contract of October 3, 1924, a copy of which is hereto attached and made part hereof by reference.'

"The clause quoted from the original lease, 'subject to redemption of all or part of the lands covered by it, or sale of same by the State,' is free of ambiguity and without limitation as to the conditions under which the properties embraced in the lease might be redeemed or sold, or the price to be paid therefor. What is the basis, therefore, for relator's contention that by the passage of Acts Nos. 161 and

175 of 1934, the Legislature violated the obligation of the contract entered into by the state through the register of the state land office? Relator's argument is, that the statutory provisions in effect at the time the original lease was executed, are to be read into the contract. That is to say, that the lands covered by the lease are not subject to redemption or sale except under section 62 of Act No. 170 of 1898, amended by Act No. 315 of 1910, § 6, and Act No. 41 of 1912, and which required the payment of all taxes, penalties and interest due at the date of redemption, under the interpretation of this section in St. Bernard Syndicate v. Grace, 169 La. 666, 125 So. 848. It is true that this was the law when the contract of lease was entered into, but there is no foundation for saying that it was written into the contract and that the Legislature was without authority to vary the conditions under which the leased property could be redeemed and the price to be paid therefor. Thus, it was held in Martinez v. State Tax Collector, 42 La. Ann. pp. 677-679, 7 So. 796, 797: 'No reasons are urged, or can be urged, why the state, being the owner of the property, could not sell the same and fix the price, and impose such conditions on the sale as she deemed fit and proper. There is no restriction that can be placed upon the conditions which she may impose upon the sale of her property.'

"The Legislature has exercised its authority in the premises by the adoption of Act

No. 161 of 1934, granting to the unfortunate tax delinquent the right, until September 30, 1935, to redeem his property by paying the actual taxes, alone, for which it was adjudicated to the state, and on an installment basis.

"The remission by the state, temporarily, of the taxes, interest and penalties for the years subsequent to the adjudication, as is clearly intended under this statute, does not disturb any of the rights of the relator under the contract of lease. And the same may be said as to relator's complaint with reference to the reduction of the interest or penalties, to be ordinarily paid by the tax delinquent, under Act No. 175 of 1934, the last amendment of section 62 of Act No. 170 of 1898. In this connection it is to be observed that this latter statute is superseded during the period fixed in Act No. 161 of 1934, except as otherwise provided therein. Adverting finally to the contract of lease, the familiar principle comes to mind, that, 'as a man binds himself so must he be bound,' and which is applicable to the situation in which relator finds itself.

"The conclusion having been reached that, for the reasons shown, the petition of relator basically fails to set out a right or cause of action, it will be unnecessary to consider the constitutional questions pressed by relator or those urged by the intervener."

We find no error in the judgment appealed from, or that the trial judge has omitted consideration of any material fact or issue in the case. The judgment appealed from is therefore affirmed at appellant's cost.