## VIOLET TRAPPING CO., INC. *v.* GRACE, REGISTER STATE LAND OFFICE, ET AL.

No. 302.   Argued January 10, 13, 1936.—Decided February 3, 1936.

*Mr. Edward Rightor,* with whom *Messrs, Eugie V. Parham* and *Edwin J. Prinz* were on the brief, for appellant.

*Messrs. Emmet Alpha, George A. Dreyfous,* and *Claude L. Johnson* were on the brief for appellees.

By leave of Court, *Messrs. Bentley G. Byrnes* and *M. C. Scharff* filed a brief on behalf of the Trappers & Fishermen's Union of St. Bernard and Plaquemines Parishes, as *amicus curiae,* supporting the position of appellees.

PER CURIAM.

Appellant is a sub-lessee of lands leased by the State of Louisiana in 1924 to the Terre aux Boeufs Drainage District. The lands had become the property of the State by an adjudication for unpaid taxes of 1911 to 1923. The lease by the State contained a clause that the lease would end in case the lands were redeemed by the former owner or sold by the State. At the time the lease and sub-lease

were made, the lands could be redeemed only by payment of all taxes, penalties and interest due at the date of redemption. By a subsequent statute, Act No. 161 of 1934, the legislature of Louisiana permitted redemption on different and less onerous terms, that is, by the payment, on an installment basis, of the actual taxes for which the property had been adjudicated to the State. Under that statute, certificates for the redemption of the lands in question were issued by the Register of the State Land Office. Appellant then sought *mandamus* to compel the cancellation of the certificates, upon the ground that the Act of 1934 violated the Constitution of the United States in that the act impaired the obligation of appellant's contract of lease, deprived appellant of its property without due process of law, and denied to appellant the equal protection of the laws. Judgment against the appellant was affirmed by the Supreme Court of the State. That court decided that there was no impairment of the contract as the clause in the original lease, making it subject to redemption, was "free of ambiguity and without limitation as to the conditions under which the properties embraced in the lease might be redeemed or sold, or the price to be paid therefor." *State ex rel. Violet Trapping Co.* v. *Grace,* 182 La. 405; 162 So. 26.

While this Court, when the contract clause of the Federal Constitution is invoked, may determine for itself the meaning and effect of the contract (*Larson* v. *South Dakota,* 278 U. S. 429, 433; *United States Mortgage Co.* v. *Matthews,* 293 U. S. 232, 236), we find no reason for disagreeing with the conclusion reached by the state court. The questions sought to be raised under the due process and equal protection clauses of the Fourteenth Amendment are without merit. *Bachtel* v. *Wilson,* 204 U. S. 36, 41; *Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342, 357; *Sproles* v. *Binford,* 286 U. S. 374, 396. The judgment is

*Affirmed.*