**3 So.2d 592**

### CARRUTH v. HOLLISTER et al.

No. 36129.

June 30, 1941.

Rehearing Denied July 18, 1941.

Shelby S. Reid, of Amite, for appellant.

A. W. Spiller, of Hammond, for appellee.

HIGGINS, Justice.

The plaintiff instituted this suit claiming the ownership and the right to possession of certain improved real estate by virtue of an alleged tax sale, and also asked that the tax deed be reformed so as to set forth the correct description of the property, which was erroneously described in the assessment, the advertisement and the sheriff's process verbal.

The defendants filed exceptions of no right and no cause of action on the following grounds:

(1) That Act 161 of the Regular Session of 1934 as amended by Act 14 of the Fourth Extraordinary Session of 1935, under which the property was adjudicated at public sale by the sheriff and ex-officio tax collector to the plaintiff, was not applicable to the facts of this case, as the property was advertised for sale and adjudicated to the State subsequent to the passage of Act 161 of 1934 and after the date that it went into effect; (2) That the plaintiff was without any right to invoke the equity jurisdiction of the court to reform the erroneous descriptions in the foreclosure proceedings and the sale to the plaintiff, because there was no mutual error; and (3) That the plaintiff has no right to have the court exercise its equity powers to reform the al-

leged tax deed, because it was a tax or public sale and not a conventional one.

The trial judge sustained the exceptions and dismissed the suit and the plaintiff has appealed.

■ The petition and the annexed documents set forth the facts, which must be accepted as true for the purpose of the exceptions, substantially as follows:

That the property in question was erroneously assessed and described as being located in Block 114 of Cate's Addition, Hammond, La., instead of in Block 140, in the name of Mrs. R. O. Hollister, for the year 1933; that the taxes thereon were not paid to the State and its taxing subdivisions for that year and the property was assessed, advertised and adjudicated, under the erroneous description to the State for the unpaid taxes of the year 1933, on February 4, 1935, the tax deed being filed in the land office at Baton Rouge, and recorded in Tangipahoa Parish on April 10, 1935, in Conveyance Book 139, pages 401 and 534; that this was the only property Mrs. Hollister owned in the Seventh Ward of Tangipahoa Parish and it was intended that property located in Block 140 instead of Block 114 was to be assessed, advertised and sold for the taxes; that Mrs. Hollister subsequently died, intestate, leaving as her sole forced heirs, Oliver C. Hollister and Mrs. Marguerite Hollister, divorced wife of Leland Addision, both of lawful age and residents of Tangipahoa Parish; that on May 22, 1936, Oliver C. Hollister, acting as an heir of his mother, and availing himself of the provisions of Act 161 of the Regular Session of 1934, as amended by Act 14 of the Fourth Extraordinary Session of 1935, redeemed the property from the State under certificate of redemption No. 361, agreeing to pay the taxes for which the property was sold in five equal installments and the other taxes due the subdivisions of the State and the costs as provided for by the statutes, the redemption certificate being recorded in Conveyance Book 145, page 529, Tangipahoa Parish; that the redemption certificate was intended to cover and did cover the property in question, but it again was erroneously described as being in Block 114 instead of Block 140; that Oliver C. Hollister, before the redemption certificate was issued, called to the attention of the Register of State Lands the fact that there was an error in the description of the property and asked that it be corrected, but this request was refused; that the third installment due under the redemption certificate of May 22, 1939, was not paid and according to the statute, all of the unpaid installments became payable; that because of the default in paying the installments, in accordance with the law as set forth in Section 1, Act 161 of 1934, as amended, the Register of State Lands, on April 30, 1940, issued her order or commission direct to the Sheriff and Tax Collector of Tangipahoa Parish, commanding him to seize, advertise and sell the property according to the provisions of said statute for the purpose of paying the remainder of the unpaid installments of taxes for the year 1933, due the state and the taxes due its other taxing subdivisions; that the order or commission also contained the same error in the description which had theretofore been made in describing the property as being in Block 114 instead of Block 140;

that acting under the authority of the commission and the above statutes, and after complying with all due legal requisites, the sheriff and tax collector of Tangipahoa Parish offered the said property, incorrectly described as aforesaid, for sale on July 20, 1940, at which time the plaintiff was the last bidder for the whole of the property and became the adjudicatee thereof, as appears from the tax deed registered in C. O. B. 161, page 495, Tangipahoa Parish; that plaintiff was entitled to have all of the assessments, advertisements and tax deeds corrected so as to properly describe the property; and that the defendants are in actual and physical possession of the property, their home, and have refused to deliver it to the plaintiff.

The title of Act 161 of the Regular Session of 1934, and Section 1 thereof, expressly provide that any former tax assessed owner of "lands bid in for and adjudicated to the State, or any of its political subdivisions, * * * prior to the passage of this Act * * *" is authorized to redeem such adjudicated property from the State, or any of its political subdivisions, from the date of the passage of this Act, and up to and including September 30, 1935, by paying the actual taxes in five equal installments.

The title and Section 1 of Act 14 of the Fourth Extraordinary Session of 1935, amending and re-enacting Act 161 of the Regular Session of 1934, contain the identical provisions as above recited, except that the time within which the redemption could be made is extended to "* * * , twelve o'clock noon of the twentieth day after the regular session of the Legislature of 1936 shall have adjourned."

Therefore, there can be no doubt that these two statutes, by their express terms, limit their application to lands bid in for taxes and adjudicated to the State or its subdivisions prior to the passage of Act 161 of the Regular Session of 1934. It cannot be said that in passing Act 14 of the Fourth Extraordinary Session of 1935, the Legislature intended to cover any other lands, adjudicated to the State or its subdivisions for taxes, because it is stated in the title of that Act that its purpose is "* * * to extend the provisions of the said act [161 of 1934] to twelve o'clock noon of the twentieth day after the regular session of the Legislature of 1936 shall have adjourned." (Brackets ours.) Again, in Section 1 of the amending and re-enacting statute reference is made to the fact that the legislators intended the amending statute to cover lands bid in for taxes and adjudicated to the State or its subdivisions prior to the passage of Act 161 of 1934.

In the case of Brock, Com'r v. Lamarca, et ux., La.App., First Circuit, 1 So.2d 436, and in State ex rel. v. Grace, 188 La. 129, 175 So. 825, the Court commented on the fact that Act 14 of the Fourth Extraordinary Session of 1935 merely extended the benefits of the provisions of Act 161 of the Regular Session of 1934 until the 20th day after the Regular Session of the Legislature of 1936 had adjourned.

The members of the Legislature themselves took cognizance of this situation because in passing a similar redemptive statute, Act 47 of 1938, they expressly stated

in the title and Section 1 of the Act that its provisions covered lands bid in and adjudicated to the State or any of its political subdivisions "for nonpayment of the 1936 taxes or the previous years' taxes."

In the instant case, it appears that Act 161 of the Regular Session of 1934 became effective on July 13, 1934, and as the adjudication of the property in question to the State for the unpaid taxes of 1933 took place subsequent to July 1934, it follows that those two above mentioned acts have no application thereto. The Register of State Lands and the sheriff having proceeded solely under those statutes which were not pertinent, the sale by the sheriff and ex-officio tax collector of the property to the plaintiff is without legal effect.

Having reached the above conclusion, it is not necessary for us to consider the other defenses raised by the exceptions.

For the reasons assigned, the judgment of the district court is affirmed at the appellant's costs.