McCALEB, Justice.
 

 E. J. Conerly, a taxpayer residing in Tangipahoa Parish, instituted this suit in the Twenty-First Judicial District Court for the Parish of Tangipahoa against the Louisiana Milk Commission and its alleged members, T. D. Dyer, H. G. Vernon, Wade J. Gamier, Dr. E. P. Flower, A. G. Compton, Dr. Christopher L. Mengis and Harry D. Wilson, to secure an injunction restraining them (1) from recognizing the defendant Dyer as Secretary of the Louisiana Milk Commission, (2) from recognizing, employing or paying out salaries to any employees of the Milk Commission except certain named regular employees, (3) from presenting warrants for any part of the appropriation of the Louisiana Milk Commission for any purpose other than paying the salaries of certain employees and (4) from spending any part of the money derived from the payment of warrants issued by said Commission from August through December, 1941, inclusive, totalling $7,500. Plaintiff alleged in his petition that four of the members of the Louisiana Milk Commission are residents of the Parish of Tangipahoa; that the only office of said Commission is at Amite, in the Parish of Tangipahoa, from whence all orders of employment and business of the Commission emanated; that the defendant Dyer is spending the appropriation of the Louisiana Milk Commission without lawful aú
 
 *732
 
 thority; that the defendants Dyer and Compton have established a “rump” office of the Commission in Roseland, Louisiana, in opposition to its legal office in Amite, and are spending unlawfully the funds of the Commission and that said defendants are employing additional employees and paying them without the approval of the majority of the members of the Commission.
 

 Upon consideration of plaintiffs’ petition and the affidavits annexed thereto, a temporary restraining order was issued by the District Judge, together with a rule for the defendants to show cause why the relief prayed for by the plaintiff should not be granted. On the day fixed for the trial of the rule nisi, the defendants, Louisiana Milk Commission, Dyer, Flower, Compton, Mengis and Wilson, appeared and challenged the jurisdiction of the Twenty-First Judicial District Court ratione personae. (The other two defendants, Gamier and Vernon, did not resist plaintiff’s demand.)
 

 The District Judge overruled the exceptions to the jurisdiction filed by the above mentioned defendants and the latter, continuing to protest that the court was without jurisdiction over them, filed no other pleadings. After hearing evidence in support of the allegations of plaintiff’s petition, the Judge issued the preliminary injunction as prayed for. Whereupon, the defendants, with the exception of Gamier and Vernon, applied to this Court for writs of certiorari, mandamus and prohibition. The writs were granted and the case is now submitted to us for decision on the defendants’ pleas to the jurisdiction of the Twenty-First Judicial District Court ratione personae.
 

 The pleas to the jurisdiction are based upon the provisions of Act No. 195 of 1938, which created the Louisiana Milk Commission. Section 2 of the statute provides in part:
 

 “Said Commission is hereby created a' body politic, domiciled at the seat of government of the State of Louisiana, with the right to sue and be sued in its corporate capacity.” '
 

 The relators say that it is obvious from the foregoing section of the statute that the Twenty-First Judicial District Court for the Parish of Tangipahoa is without jurisdiction either as to the Louisiana Milk Commission or as to any of the members thereof, since the acts of the members, of which the plaintiff complains, were done and could have been done only under col- or of their authority as such.
 

 On the other hand, Conerly, the plaintiff below, and the respondent Judge, in contending that the Twenty-First Judicial District Court has jurisdiction over, the persons of the relators, maintain that four of them reside in the Parish of Tangipahoa; that the principal and only office of ' the Louisiana Milk Commission is in that Parish; that the alleged illegal acts of the relators were committed in that Parish and that, furthermore, the relators have waived their right to be sued in the court of the State Capitol in East Baton Rouge Parish.
 

 An examination of the pertinent law on the question presented has convinced us that none of the points raised by
 
 *734
 
 the respondent judge and the plaintiff is tenable. The Louisiana Milk Commission is a public body and its domicile has been fixed, by the statute which created it, at the seat of government of the State of Louisiana. Hence, any suit directed against it must be brought in the District Court of East Baton Rouge Parish.
 

 The fact that some of the members comprising the Commission are domiciled in the Parish of Tangipahoa has no bearing whatever upon the jurisdiction of the court. The alleged illegal acts on the part of the members of the Commission, which the plaintiff seeks to restrain, were done by them, and could only have been done, in their official capacity as members of the Commission and not as individuals. Consequently, the Court of the domicile of the Commission is the sole tribunal which has jurisdiction to grant the relief prayed for. Were it otherwise, the plaintiff could select at his option any district court within the State to bring his action upon showing that one of the members of the Commission maintained his domicile within that district.
 

 The case of State ex rel. Navo v. Baynard, State Auditor, 176 La. 520, 146 So. 41, 43, relied upon by the relators, controls the decision here. In that matter, suit was brought in the Parish of East Baton Rouge against the State Auditor, who has his official domicile there, and R. L. Whitman, Superintendent of the State Bureau of Criminal Identification and Investigation, who. maintained his domicile in Caddo Parish. In overruling the plea of Whitman to the jurisdiction ratione personae of the District Court of East Baton Rouge, we said:
 

 “If this suit had been brought in the parish of Caddo, the auditor of the state might have declined jurisdiction there on the same grounds urged by the superintendent of the bureau in the present proceeding. Manifestly, the cause of action in this case cannot be split and two suits filed in different parishes. We see no reason why the court below should not entertain jurisdiction. In fact, it is the only one that may.”
 

 Thus, in the instant case, the official domicile of the Louisiana Milk Commission being established by law in the Parish of East Baton Rouge, no tribunal other than the district court of that parish has jurisdiction over the Commission. Likewise, since the members constituting the Commission act for it solely in their representative capacities, any suit directed against their alleged illegal acts must be brought at the domicile of the Commission.
 

 The contention made by the respondent judge that this case is governed, for jurisdictional purposes, by the provisions of Section 1 (5) (d) of Act 179 of 1918, which is an act to regulate the bringing of suits and the service of civil process, cannot be sustained. The provisions 'of Section 1 (5) (d) depended upon relate solely to the venue and service of process against domestic corporations and are without pertinence to public commissions and boards. The section of the statute which applies to public officers and boards is Paragraph (7) of Section 1, where it is provided that service addressed to any public board “shall be made at the office of
 
 *736
 
 said officer or official board as fixed by law, * * *
 

 The position taken by the respondent judge that the relators have waived jurisdiction because the members of the Louisiana Milk Commission passed a resolution authorizing the establishment of an office at Amite, La., is likewise without force. The Milk Commission is without power or authority to change the legal domicile fixed in the statute creating it and any resolution attempting to do so is ultra vires.
 

 The point made by counsel for the plaintiff Conerly that the questions determined below are now moot in view of our recent decision in Gamier v. Louisiana Milk Commission et al., 8 So.2d 611,
 
 [1]
 
 has no substance. In the Gamier case, we merely decided that the plaintiff had not been legally discharged as Secretary of the Milk Commission because the resolution dismissing him and hiring the defendant Dyer was not passed by a majority vote of the Commission’s membership. The writ of injunction issued in this case not only restrains the defendant Dyer from acting as Secretary, but also enjoins the Milk Commission from paying out salaries to any of its employees and from paying out or spending any part of the money obtained from warrants of August through November, 1941.
 

 For the reasons assigned, the judgment of the District Court is annulled; the writs heretofore issued by this Court are made peremptory; the pleas of the relators to the jurisdiction ratione personae of the Twenty-First Judicial District Court are maintained and the plaintiff’s suit is dismissed at his cost.
 

 [1]
 

 200 La. 594.